Case 4:24-cv-00897   Document 18   Filed on 06/17/24 in TXSD   Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
June 17, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOANNA BURKE, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. H-24-897 |
| § | |
| DEUTSCHE BANK NATIONAL § | |
| TRUST COMPANY, § | |
| PHH MORTGAGE CORPORATION, § | |
| AVT TITLE SERVICES, LLC, § | |
| MACKIE WOLF ZIENTZ & MANN, PC, § | |
| JUDGE TAMI CRAFT aka § | |
| JUDGE TAMIKA CRAFT-DEMMING, § | |
| JUDGE ELAINE PALMER, § | |
| SASHAGAYE PRINCE, § | |
| MARK D. HOPKINS, § | |
| SHELLEY L. HOPKINS, § | |
| HOPKINS LAW, PLLC, § | |
| JOHN DOE, AND/OR JANE DOE, § | |
| § | |
| Defendant. § | |

ORDER ON MOTION TO REMAND

Pending is Plaintiff Joanna Burke's Emergency Motion to Remand (Document No. 5). Plaintiff's Motion to Remand contends that the case was wrongfully removed in violation of 11 U.S.C. § 362's bankruptcy automatic stay. The Court's jurisdiction must be considered first. *See, e.g.*, United States v. Shkambi, 993 F.3d 388, 389 (5th Cir. 2021) ("We start, as always, with jurisdiction." (citation omitted)).

1

This suit arises from Plaintiff's thirteen-year fight to prevent the foreclosure and sale of her mortgaged home in Kingwood, Texas, although Plaintiff has not made a mortgage payment on her debt in more than fourteen years. Plaintiff filed the instant suit on December 21, 2023 in 11th Judicial District Court of Harris County, Texas asking the Court to enjoin the January 2, 2024 foreclosure sale of her home.[1] Six days later, the state court denied Plaintiff's Application for Temporary Restraining Order.[2] The next day Plaintiff filed for bankruptcy in the Southern District of Texas.[3] The Bankruptcy Court dismissed her bankruptcy case on January 17, 2024 after Plaintiff failed to file the required bankruptcy schedules, statements, and other information.[4]

A month later, Plaintiff served Defendant PHH Mortgage Corporation ("PHH") with the citation and petition for the state court suit.[5] Around that time, Plaintiff learned that her home

---

[1] Document No. 1-4 at CM/ECF page 2 of 588.

[2] Id. at CM/ECF page 51 of 588.

[3] In re Burke, No. 23-35083, Document No. 1 (Bankr. S.D. Tex. Dec. 28, 2023).

[4] See id. at Document No. 15 (Bankr. S.D. Tex. Jan. 17, 2024); see also id. at Document No. 5 (Bankr. S.D. Tex. Dec. 29, 2023).

[5] Document No. 1-4 at CM/ECF page 55 of 588.

was noticed for a March 5, 2024 foreclosure sale,[6] and she amended her state court petition several more times.[7] After again failing to obtain a temporary restraining order, Plaintiff again filed for bankruptcy on March 1, 2024, four days before the sale.[8]

While Plaintiff's second bankruptcy was pending, PHH removed Plaintiff's state court suit to this Court.[9] PHH removed the suit citing this Court's original bankruptcy jurisdiction, federal question jurisdiction, and diversity jurisdiction.[10]

District courts have original jurisdiction over "all civil proceedings arising under title 11 [the Bankruptcy Code], or arising in or related to cases under title 11" unless an Act of Congress confers exclusive jurisdiction on a court other than the district court. *See* 28 U.S.C. § 1334(b). The district court's "related to" jurisdiction includes "(1) causes of action owned by the debtor which become property of the estate pursuant to 11 U.S.C. § 541, and (2) suits between third parties which have an effect on the bankruptcy estate." Arnold v. Garlock, Inc., 278

---

[6] *See, e.g.*, id. at CM/ECF pages 61, 66 of 588.

[7] Document No. 1-3 at CM/ECF pages 3-5 of 5.

[8] In re Burke, No. 24-30885, Document No. 1 (Bankr. S.D. Tex. Mar. 1, 2024).

[9] Document No. 1.

[10] Id. at ¶ 9.

F.3d 426, 434 (5th Cir. 2001) (citation omitted). "Causes of action that belong to the debtor 'at the time the case is commenced'" are "property belonging to the estate." In re Cantu, 784 F.3d 253, 257 (5th Cir. 2015) (citing cases).

At the time Plaintiff filed for bankruptcy on March 1, 2024, Plaintiff's Second Amended Verified Petition and Second Application for Ex-Parte Temporary Restraining Order and Permanent Injunction asserted claims against Defendants Deutsche Bank National Trust Company, PHH, AVT Title Services, LLC, Mackie Wolf Zientz & Mann, PC, Judge Tami Craft aka Judge Tamika Craft-Demming, Judge Elaine Palmer, and Sashagaye Prince for violations of the Texas Constitution, abuse of process, conspiracy, fraud, intentional infliction of emotional distress, violations of the Texas Financial Code, declaratory judgment, and injunctive relief.[11]  These putative claims all relate to the effort to foreclose and sell Plaintiff's home, and Plaintiff's attempts to thwart the sale.  The claims became property of the estate when Plaintiff filed for bankruptcy and subject to removal under the Court's "related to" jurisdiction. See id.; 28 U.S.C. §§ 1334(b), 1452(a).

---

[11] Document No. 1-4 at CM/ECF page 266 of 588.

4

The Third Amended Verified Petition and Second Application for Ex-Parte Temporary Restraining Order and Permanent Injunction filed March 4, 2024 asserts the same claims but adds PHH's counsel, Defendant Mark D. Hopkins, Shelley L. Hopkins, and Hopkins Law, PLLC defendants and adds an additional claim for trespass to try title.[12] Plaintiff's suit to prevent the foreclosure and sale of her home--*i.e.*, property of the estate--was a suit "related to" her bankruptcy and subject to removal. *See* In re Querner, 7 F.3d 1199, 1201 (5th Cir. 1993) ("A matter is 'related to' a case under Title 11 if the outcome "could *conceivably* have any effect on the estate being administered in bankruptcy." (citation omitted) (emphasis in orig.)); 11 U.S.C. § 541(a) (providing that the bankruptcy estate is comprised of all "legal and equitable interests of the debtor in property as of the commencement of the case"); 28 U.S.C. §§ 1334(b), 1452(a).

In her Motion to Remand, Plaintiff does not dispute this Court's jurisdiction over her claims against Defendants.[13]

---

[12] Id. at CM/ECF page 393 of 588.

[13] On the last page of her reply brief, Plaintiff states for the first time that "Plaintiff asserts this court lacks jurisdiction, requiring this case be remanded." Document No. 9. There is no argument or explanation for her new assertion except her suggestion that the reason for remand "mirror[s] the reasoning applied" in In re Fort Worth Chamber of Commerce, 100 F. 4th 528 (5th Cir. 2024). In that decision, the Fifth Circuit held that "once an appealable order is lodged before our court, district

Instead, Plaintiff argues that PHH violated the bankruptcy automatic stay when it removed her claims to this Court.[14] According to Plaintiff, the removal in violation of the stay is void, and thus, the suit must be remanded.

A similar argument was rejected in McMillan v. MBank Fort Worth, N.A., 4 F.3d 362, 366 (5th Cir. 1993) in which the Fifth Circuit recognized that 11 U.S.C. § 362(a) provides that a petition in bankruptcy:

> [O]perates as a stay, applicable to all entities, of--
>
> (1) the commencement or *continuation*, including the issuance or employment of process, of a judicial, administrative, or other action or *proceeding against the debtor* . . . or to recover a claim against the debtor that arose before the commencement of the case under this title;

Id. (alteration and emphasis in orig.) (quoting 11 U.S.C. § 362(a)). The statute "clearly indicates" that § 362(a) only stays the proceedings "against the debtor[.]" Id. (citing Freeman v. Commissioner of Internal Revenue, 799 F.2d 1091, 1092-93 (5th

---

courts lack jurisdiction to transfer a case because it stymies our ability to review." Id. at 537. There is not an appealable order pending in the Fifth Circuit such as to deprive the district court of jurisdiction. Because the Court has jurisdiction under 28 U.S.C. § 1334 to address Plaintiff's claims, and Plaintiff provides no cogent argument otherwise, the Court also need not address whether the Court has jurisdiction under 28 U.S.C. § 1331, § 1332, and § 1367.

[14] Document No. 5.

Cir. 1986)). To determine whether the removal of a suit is the continuation of a proceeding "against the debtor," the Court "normally examine[s] the posture of the case at the initial proceeding." Id. At all times, from the suit's inception until its removal, the suit has been a proceeding *against* Defendants, not the bankruptcy debtor. No counterclaims have been asserted. "Thus, [PHH's] removal of the action to federal court constituted a continuing proceeding of [the debtor Plaintiff's] claims against [Defendants], rather than a continuing proceeding of" claims against the debtor Plaintiff. See id. PHH's removal of the suit against Defendants did not violate the automatic stay. See id.

The Western District of Texas's In re Phillips, 124 B.R. 712 (Bankr. W.D. Tex. 1991) decision, cited by Plaintiff, is inapposite. Therein, the bankruptcy court recognized that a removal of a state court suit by a plaintiff seeking a judicial foreclosure against the debtor violated the automatic stay. Id. at 715 nn. 2 & 5, 716 n.7. The removal in Phillips was thus a continuing proceeding *against* the debtor. See id. There were no similar claims for foreclosure asserted in this case at the time of removal.

The Sikes v. Global Marine, Inc., 881 F.2d 176 (5th Cir. 1989) decision, also cited by Plaintiff, does not further Plaintiff's position. In Sikes, a plaintiff filed a complaint *against* a debtor

7

in violation of the automatic stay. Id. at 178. The Fifth Circuit held that a complaint filed against the debtor in violation of the automatic stay was voidable, rather than void. Id. at 178-79. Here, no complaint was filed against Plaintiff before Defendant removed the case. The holding in Sikes is thus irrelevant.

Because PHH did not violate the automatic stay when it removed the suit to this Court, Plaintiff's Joanna Burke's Emergency Motion to Remand (Document No. 5) is DENIED.

The Clerk will enter this Order and notify all parties.

SIGNED at Houston, Texas, on June 17, 2024.

Ewing Werlein, Jr.
United States District Judge