United States District Court
Southern District of Texas
**ENTERED**
June 17, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOANNA BURKE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H-24-897 |
| | § | |
| DEUTSCHE BANK NATIONAL | § | |
| TRUST COMPANY, | § | |
| PHH MORTGAGE CORPORATION, | § | |
| AVT TITLE SERVICES, LLC, | § | |
| MACKIE WOLF ZIENTZ & MANN, PC, | § | |
| JUDGE TAMI CRAFT aka | § | |
| JUDGE TAMIKA CRAFT-DEMMING, | § | |
| JUDGE ELAINE PALMER, | § | |
| SASHAGAYE PRINCE, | § | |
| MARK D. HOPKINS, | § | |
| SHELLEY L. HOPKINS, | § | |
| HOPKINS LAW, PLLC, | § | |
| JOHN DOE, AND/OR JANE DOE, | § | |
| | § | |
| Defendant. | § | |

## VEXATIOUS LITIGANT ORDER

Pending is PHH Mortgage Corporation's Motion to Declare Plaintiff Joanna Burke as a Vexatious Litigant (Document No. 11) (the "Motion"). Therein, PHH asks the Court to "enter an order enjoining Joanna Burke from filing any *new* litigation in any federal court in the United States and the state courts of Texas, without first obtaining the express permission of a district judge within the district upon which she attempts to file or state administrative judge as appropriate[.]"  Id. at 21 (emphasis

1

added). PHH does not, however, ask the Court for dispositive relief in *this* case. PHH has not yet shown that it is entitled to summary judgment under Rule 56 or judgment on the pleadings under Rule 12(c) as to each of the claims asserted in this case. Motions to declare a plaintiff a vexatious litigant are routinely considered with or following a merits determination, either under Rule 12 or Rule 56. *See, e.g.*, Nix v. Major League Baseball, 62 F.4th 920, 927 (5th Cir. 2023); Walters v. Tenant Background Search, No. 19-50730, 2021 WL 961084 (5th Cir. Mar. 12, 2021); Crear v. JPMorgan Chase Bank, N.A., 491 F. Supp. 3d 207, 219 (N.D. Tex. 2020); Lohri v. CSAB Mortgage Backed Pass Through Certificate Series 2007-1 U.S. Bank, N.A. Tr., No. 4:18-CV-00143-JRG, 2019 WL 1239608, at *1 (E.D. Tex. Mar. 18, 2019); Haase v. Bank of Am. Corp., No. 4:16-CV-1567, 2017 WL 1240105, at *1 (S.D. Tex. Feb. 8, 2017); Mustapha v. HSBC Bank, USA, No. 4:12-CV-01924, 2013 WL 632856, at *1 (S.D. Tex. Feb. 20, 2013). In fact, when PHH last moved to declare Plaintiff a vexatious litigant, it also filed a Motion for Judgment on the Pleadings. *See* No. 4:21-cv-02591, Burke, et al. v. Ocwen Loan Servicing, LLC, et al., Document Nos. 17-18.

The Court at present DENIES PHH Mortgage Corporation's Motion to Declare Plaintiff Joanna Burke as a Vexatious Litigant (Document No. 11) but WITHOUT PREJUDICE to refiling following a motion for

dispositive relief. Plaintiff's Motion for Extension of Time to Respond (Document No. 13) and Motion to Strike (Document No. 14) are DENIED as MOOT.

The Court reminds Plaintiff Joanna Burke of her obligations to the Court. By presenting the Court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--she is certifying that to the best of her knowledge, information, and belief, formed after an inquiry reasonable under the circumstances that she is not presenting the pleading, motion, or response for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation. The Court further reminds Plaintiff of Judge Alfred Bennett's warning to her, issued less than two years ago:

> the Court emphatically warns Plaintiffs [Joanna and John Burke] that they are hereby on notice that any additional litigation against Defendants related to the Property or foreclosure proceedings will be clear and compelling evidence of bad faith, such that the imposition of sanctions and pre-filing injunctions would be just.

Burke v. Ocwen Loan Servicing, LLC, No. 4:21-CV-2591, 2022 WL 4597975, at *4 (S.D. Tex. Aug. 29, 2022), *appeal dismissed sub nom.* Burke v. Ocwen Loan Servicing, L.L.C., No. 22-20504, 2023 WL 6374190 (5th Cir. Apr. 25, 2023). Should Plaintiff persist in bad faith, vexatious litigation, the Court will enter appropriate

sanctions, including but not limited to monetary sanctions and a pre-filing injunction.

The Clerk will enter this Order and notify all parties.

SIGNED at Houston, Texas, on June 17, 2024.

Ewing Werlein, Jr.
United States District Judge