United States District Court
Southern District of Texas
**ENTERED**
June 17, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOANNA BURKE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H-24-897 |
| | § | |
| DEUTSCHE BANK NATIONAL | § | |
| TRUST COMPANY, | § | |
| PHH MORTGAGE CORPORATION, | § | |
| AVT TITLE SERVICES, LLC, | § | |
| MACKIE WOLF ZIENTZ & MANN, PC, | § | |
| JUDGE TAMI CRAFT aka | § | |
| JUDGE TAMIKA CRAFT-DEMMING, | § | |
| JUDGE ELAINE PALMER, | § | |
| SASHAGAYE PRINCE, | § | |
| MARK D. HOPKINS, | § | |
| SHELLEY L. HOPKINS, | § | |
| HOPKINS LAW, PLLC, | § | |
| JOHN DOE, AND/OR JANE DOE, | § | |
| | § | |
| Defendant. | § | |

### ORDER ON PENDING MOTION FOR SUMMARY JUDGMENT

Pending is Plaintiff Joanna Burke's Motion for Partial Summary Judgment as to Quiet Title (Document No. 1-4 at CM/ECF page 565 of 588) (hereinafter, the "Motion"). Plaintiff's Motion was filed in state court prior to Defendant PHH Mortgage Corporation's removal.

Rule 56 of the Federal Rules of Civil Procedure--which control in this removed case--provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to

judgment as a matter of law." FED. R. CIV. P. 56(a). The party moving for summary judgment on its affirmative claims "always bears the initial responsibility of informing the district court of the basis for its motion," and "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" which the movant believes demonstrate the absence of a genuine issue of material fact and its entitlement to judgment. Celotex Corp. v. Catrett, 106 S. Ct. 2548, 2553 (1986) (quotation marks omitted); FED. R. CIV. P. 56(c)(1). Plaintiff, as movant, fails to cite those particular parts of materials in the record that demonstrate the absence of a genuine issue of material fact and that she is entitled to judgment as a matter of law. She attaches no evidence to her motion for summary judgment on her affirmative claims. Rule 56 does not impose upon the court a duty to sift through the record in search of evidence to support a party's position. See Ragas v. Tenn. Gas Pipeline Co., 136 F.3d 455, 458 (5th Cir. 1998) (quoting Skotak v. Tenneco Resins, Inc., 953 F.2d 909, 915-16 & n. 7 (5th Cir. 1992)). Because Plaintiff fails to meet her summary judgment burden,

    Plaintiff Joanna Burke's Motion for Partial Summary Judgment as to Quiet Title (Document No. 1-4 at CM/ECF page 565 of 588) is

DENIED.

Defendant PHH Mortgage Corporation's Motion to Clarify, or in the Alternative, Motion for Extension of Time to respond to Plaintiff's Motion for Partial Summary Judgment as to Quiet Title (Document No. 7) is DENIED as MOOT.

The Clerk will enter this Order, providing a correct copy to all parties of record.

SIGNED at Houston, Texas, on this 17TH day of June, 2024.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE