IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION

| | | |
|---|---|---|
| Joanna Burke | ) | **CIVIL ACTION No.** |
| | ) | **4:24-cv-00897** |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | |
| | ) | United States Courts |
| Deutsche Bank National Trust Company, PHH | ) | Southern District of Texas |
| Mortgage Corporation, AVT Title Services, | ) | F I L E D |
| LLC, Mackie Wolf Zientz & Mann, PC, Judge | ) | |
| Tami Craft aka Judge Tamika Craft-Demming, | ) | NOV 2 1 2024 |
| Judge Elaine Palmer, Sashagaye Prince, Mark D | ) | |
| Hopkins, Shelley L Hopkins, Hopkins Law, | ) | Nathan Ochsner, Clerk of Court |
| PLLC,  John Doe, and/or Jane Doe | ) | |
| | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |

**PLAINTIFF'S REPLY TO RESPONSE BY DEFENDANTS TO PLAINTIFF'S
VERIFIED MOTION TO DISMISS FOR LACK OF JURISDICTION**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE AND ALL
INTERESTED PARTIES:

In legal terms, this acrimonious dispute centers around a "very important piece of real

property"—the Plaintiff's homestead. Setting aside the personal nature of the home, the Texas

Constitution, state law, and the federal bankruptcy code, along with their associated procedures

and rules, are all designed to protect this "very important piece of real property" from being

wrongfully taken by unscrupulous, predatory lenders and loan sharks like the Defendants.

Defendants' financial penalty data obtained from Violation Tracker website at:
https://violationtracker.goodjobsfirst.org/?company=ocwen
(Last visited: Nov. 16, 2024)

**Total Breakdown of Penalties:**

| Category | Penalty Amount |
|---|---|
| Ocwen Financial Corporation | $2,402,905,705 |
| PHH Corporation | $438,553,802 |
| Litton Loan Servicing | $15,506,125 |
| Saxon Mortgage Services | $86,171 |
| Other Subsidiaries (incl. Homeward, Option One, etc.) | $1,640,758,669 |
| Grand Total | $4,480,394,502 |

**Grand Total = $4,480,394,502 (approximately $4.48 billion)**

When a home equity loan (HELOC) is involved, this property receives additional protections under these laws. The Texas Constitution ensures the homeowner is safeguarded by requiring strict compliance with numerous statutory requirements, as Texas is considered a "debtor-friendly" state. Texas common law and property laws treat any HELOC as a loan secured by the property itself, and any disputes over such a loan are governed by a strict four-year foreclosure timeline. Importantly, there is no personal liability for the homeowner as long as the property remains exempt as their homestead (i.e., personal residence).

In legal terms, this is known as an *in rem* action, as confirmed in the deed of trust, which outlines the legal agreement between the parties for the HELOC loan. This protection can be extended for an additional four-year period, either ex-parte or by mutual agreement, but only if the extension of time is properly recorded in the county's real property records. See; *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 567 (Tex. 2001) ("This four-year limitations period can be suspended by filing a written agreement in the county clerk's office where the real property is located. Tex. Civ. Prac. Rem. Code § 16.036.").

Similarly, federal bankruptcy laws treat this "very important piece of real property" as part of the bankruptcy estate, managed by the trustee upon the homeowner's filing of the bankruptcy petition. Once the bankruptcy is filed, this property legally detaches from the homeowner, who is then considered the "renting debtor" during the proceedings. The Debtor's "very important piece of real property" owner status returns after the bankruptcy case matures.

Returning to the specific facts of this case and recognizing that the court and parties are fully aware of the history of this prolonged and contentious legal dispute, a brief summary is provided here, relevant to this motion. On March 12, 2024, the Defendants snap-removed the Plaintiff's lawsuit from the Harris County District Court (state court) to this District Court, knowingly violating the automatic bankruptcy stay. Additionally, they engaged in forum shopping, often referred to as "judge shopping," by removing the case to this District Court instead of the Bankruptcy Court, where Joanna Burke had already filed for voluntary Chapter 13 bankruptcy protection on March 1, 2024—well before the unlawful snap-removal.

At the time, the automatic stay was in full effect, and under federal bankruptcy law, all debt collection litigation should cease during this period. As a result of these actions, the court was now faced two related cases: one in the District Court and the other in Bankruptcy Court. The District Court case was assigned to Senior Judge Ewing Werlein, Jr., while the bankruptcy case was assigned to Judge Jeffrey Norman. Under General Order 2012-06 for the Southern District federal courts, all bankruptcy-related cases should be automatically transferred to the bankruptcy court as an Adversary Case. However, this transfer did not occur.

After partial briefing and consideration of the Plaintiff's Emergency Motion to Remand and related pleadings, three months later, on June 17, 2024, this Court issued five orders. Most notably, the Emergency Motion to Remand was denied (Doc. 18), based on the limited briefing

3

regarding the violation of the automatic stay. In Judge Werlein's opinion, the District Court, not the Bankruptcy Court had "related to" jurisdiction at the time of the unlawful snap-removal. This is a central issue in the current dispute and response by Defendants to the Plaintiff's motion.

### A SUMMARY OF PHH's LEGAL & JURISDICTIONAL ARGUMENTS

PHH's position is like a passenger in a car, eagerly urging the driver, Judge Werlein, to stay on a reckless route—a one-way street, but only in reverse. They insist that the law allows them to travel against the traffic of established legal precedent, convinced that the "related to" jurisdiction can be manipulated like a GPS recalculating a wrong turn. They argue that it's not only permissible, but the law itself.

Yet as Judge Werlein grips the wheel, steering the vehicle full speed down this dangerous road, the Plaintiff has already mapped the entire highway of federal case law. She has found nothing—a barren stretch of road with no signs, no cases, no guiding principles that could justify this illegal u-turn. She's searched the federal docket for the past decade, only to find the highway is clear of any precedent that would give this maneuver any legal legitimacy.

And still, PHH shouts from the passenger seat, frantically waving a map that's blank on every page, desperately claiming that the driver's instincts are correct, that they can still make it. Their response, a cacophony of baseless arguments, insists that Judge Werlein's course is right, but not a single case is offered to back them up. They're screaming into the void, offering no legal foundation, no reasoning—just empty assurances as the vehicle barrels ahead.

The Defendants are not silent bystanders; they're active participants in this reckless drive, cheering on the misguided driver while ignoring the cliff that looms just ahead. No legal authority. No support. Only hollow claims of confidence, pushing full speed into the unknown, while the road to disaster is clearly marked.

Their argument is suicidal, and this court should not become part of the wreckage. Instead, it should dismiss the case and remand it to state court, where the law can take a safer, more well-driven course.

### The Numbered Summarized Responses with Bulleted Replies by Plaintiff

1. **Burke's "Motion to Dismiss for Lack of Jurisdiction" is her second attempt to challenge the jurisdiction of this court and amounts to nothing more than a motion to reconsider her Motion to Remand.**

**RESPONSE:** The Defendants continue to ignore the Plaintiff's legal arguments and authorities, including the motion's section labeled: "CHECKING JURISDICTION: LEGAL AUTHORITIES" which explains that subject-matter jurisdiction [and void judments] can be contested at any time, and the court is obligated to check its jurisdiction sua sponte.

2. **Though a valid judgment for foreclosure exists, Burke continues to file repeated frivolous lawsuits to stop the foreclosure sale from taking place.**

**RESPONSE:** See; related pleadings, including surreplies wherein Plaintiff provides full legal argument as to why the judgment of foreclosure is deficient, void and time-barred. Additionally, Defendants continually present a frivolous argument, namely that res judicata applies, yet the very reasoning they rely upon is rejected by their own legal authority, namely *Maluski v. Rushmore Loan Mgmt. Servs., LLC*, No. 14-17-00233-CV (Tex. App. Oct. 4, 2018).

3. **Burke's second attempt to contest jurisdiction of this Court presents no new compelling legal argument for the Court to reconsider its jurisdiction.**

**RESPONSE:** False, refer to Plaintiff's motion and exhibits in conjunction with this reply.

4. **Gen. Order 2012-06. Burke confuses internal procedures of the Court with the jurisdiction of the Court.**

**RESPONSE:** False, refer to 6., and Plaintiff's motion and exhibits in conjunction with this reply.

5. **Bankruptcy courts are simply a 'unit' of the district court where they are located.**

**RESPONSE:** True, but both Judge Werlein and PHH misinterpret the clear facts. The bankruptcy court, as a unit of the district court, has been authorized to take full charge of its own cases, as well as those "related to" its jurisdiction. The "related to" jurisdiction is specifically

5

assigned to the bankruptcy court, and any attempt to contravene General Order 2012-06 or the governing bankruptcy laws is a clear violation of established legal rules, procedures, and authority.

6. **Burke's argument (properly framed) is not one about jurisdiction, it is about Burke's perception that the Court elected to maintain the case on its docket instead of referring the matter to its adjunct.**

**RESPONSE:** False. "Although **jurisdiction** under §§ 1334 and 1452 lies with the district court, 28 U.S.C. § 157(a) provides that "[e]ach district court may provide that any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district. 28 U.S.C. § 157(a). **The Southern District of Texas has so provided. See General Order 2012-6 (May 24, 2012)."** *Cantu v. Stone*, CIVIL ACTION No. 7:13-CV-292, at *5 n.4 (S.D. Tex. July 1, 2014).

7. *In re Hester*, **899 F.2d 361, 3698 (5th Cir. 1990). The Fifth Circuit made it abundantly clear that a bankruptcy court's jurisdiction rests on a district court's jurisdiction.**

**RESPONSE:** The next sentence in PHH's partial citation of Hester states "It is to the district court that bankruptcy court litigants must turn in the first instance ***for careful review*** of the bankruptcy court's actions.", which is discussing why the 5th Circuit does not have jurisdiction to review the appeal, if it wasn't mandamus – and which only confirms the Plaintiff's argument that it is the Bankruptcy Court which controls proceedings, with any 'appeals' to the District Court and not the Fifth Circuit, which would not have jurisdiction to review.

8. **Thirteen years later affirmed in Bissonnet Invs. Llc. v. Quinlan, 320 F.3d 520, 525 (5th Cir. 2003)**

   **RESPONSE:** *Bissonnet* is outdated legal authority, but for the purposes of addressing the Defendants absurd argument, *Bissonnet* sub-cites in the quoted extract provided by PHH to *Celotex*, via the *Matter of Walker*, 51 F.3d 562, 568-69 (5th Cir. 1995), which stated: ""Congress intended to grant comprehensive jurisdiction to the bankruptcy courts so that they might deal efficiently and expeditiously with all matters connected with the bankruptcy estate."" – and discusses this in granular detail. Again, PHH attempts to steer the vehicle in contempt of the clear road signage which directs all traffic to Bankruptcy Courts - and that includes transferring related matters like Plaintiff's case.

9. **Burke had an active bankruptcy case pending at the time of removal of this case, and the Court determined it has "related to jurisdiction" over this case as district courts have original and exclusive jurisdiction of all cases under Title 11. See 28 U.S.C. §1334. [Doc.18].**

**RESPONSE:** The opinion by Senior District Judge Ewing Werlein, Jr., is erroneous. Refer to Plaintiff's motion and exhibits in conjunction with this reply.

**Burke's grounds lack merit and are moot.**

**RESPONSE:** False, refer to Plaintiff's motion and exhibits in conjunction with this reply re 'grounds' and see Plaintiff's own case citations in their response, which clearly state, "The existence of subject matter jurisdiction is determined at the time of removal." – *Bissonnet*, 320 F.3d 520, 525.

**10. Burke's argument in the alternative, that the Court should have transferred the matter to bankruptcy court and is now without jurisdiction, is wrong.**

**RESPONSE:** False, refer to Plaintiff's motion and exhibits in conjunction with this reply.

**11.   Burke's lawsuit asserts "non-core" claims.**

**RESPONSE:** See; *Neely v. Trippon (In re Neely)*, BANKRUPTCY No. 04-44898-H5-7, at *14-15 (S.D. Tex. June 19, 2013) (Fifth Circuit: Analysis of core versus non-core is the not necessary to assert "related to" jurisdiction. The Bankruptcy Court can analyze those facts).

**12.   Nothing would be gained by having a bankruptcy court preside over this lawsuit as all of Burke's prior litigation has been conducted in the federal district court.**

**RESPONSE:** Irrelevant conclusory assumption which is not a legal argument founded in law.

**13. As Burke demanded a jury trial, this would have required returning to the district court. Given Burke's history of litigation, judicial resources strongly favored keeping the matter in the district court.**

**RESPONSE:** This argument has been rejected in Supreme Court decisions like *Langenkamp v. Culp*, 498 U.S. 42, 111 S.Ct. 330, 112 L.Ed.2d 343 (1990) (per curiam). Furthermore, in *Katchen v. Landy*, 382 U.S. 323, 336–37, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966): "[E]stablish[ed] uniform laws on the subject of bankruptcy, [which] convert [ ] the creditor's legal claim into an equitable claim to a pro rata share of the res.... As bankruptcy courts have summary jurisdiction to adjudicate controversies relating to property over which they have actual or constructive possession, and as the proceedings of bankruptcy courts are inherently proceedings in equity, there is no Seventh Amendment right to a jury trial for determination of objections to claims[.]". Whilst there was no claim filed in Plaintiff's bankruptcy, DBNTCO had made an appearance and

court in *Katchen* determined that the Bankruptcy Court is the correct "unit" for determination of property matters to which they have constructive possession.

**14.   No factor that the Court may consider weighed in favor of transfer of this case to bankruptcy court for partial consideration of the issues. Now, transfer of the case is moot, given that Burke's bankruptcy was dismissed.**

**RESPONSE:** This is a conclusory statement that lacks legal substance and fails to present any substantive argument. The reference to "mootness" is irrelevant to the core issues raised in this motion, as discussed in 9. above.

**15.   As to Burke's continued argument regarding the automatic stay, this has been previously briefed and the Court found no violation of the automatic stay. [Doc. 18]. The bankruptcy stay only works to stop suits "against bankrupt debtors, not suits filed by bankrupt debtors." As the Court found, the automatic stay was simply not applicable to a lawsuit initiated by Burke and did not bar its removal to this court.**

**RESPONSE:** False, refer to Plaintiff's motion and exhibits in conjunction with this reply.

### DECLARATION

Pursuant to Texas Civil Practice and Remedies Code Section 132.001 and "In lieu of a sworn affidavit, a litigant may submit an unsworn declaration as evidence against summary judgment. See 28 U.S.C. § 1746.", I hereby provide my unsworn declaration. My name is Joanna Burke, my date of birth is Nov. 25, 1938, my address is 46 Kingwood Greens Dr, Kingwood, Texas, 77339, and I declare under penalty of perjury that all information herein is true and correct.

### CONCLUSION

In *Cheejati v. Blinken* (106 F.4th 388, 397), the Fifth Circuit clearly stated:

*"When a court lacks jurisdiction, it must dismiss the case and not proceed to the merits."*

This principle directly applies here. If the District Court lacks jurisdiction over this case due to the improper removal and violation of the automatic stay, it cannot hear the case and must dismiss it or transfer it to the proper forum. Both Judge Werlein and PHH's attempt to retain

8

**VIA U.S. Mail:**

Nathan Ochsner
Clerk of Court
P. O. Box 61010
Houston, TX 77208

**VIA e-Mail:**

Shelley L. Hopkins
Mark D. Hopkins
HOPKINS LAW, PLLC
2802 Flintrock Trace, Suite B103
Austin, Texas 78738
mark@hopkinslawtexas.com
shelley@hopkinslawtexas.com

PHH MORTGAGE CORPORATION

Joanna Burke, Harris County
State of Texas / Pro Se

46 Kingwood Greens Dr
Kingwood, Texas 77339
Phone Number: (281) 812-9591
Fax: (866) 705-0576
Email: joanna@2dobermans.com

jurisdiction in the District Court under the "related to" theory runs afoul of the Fifth Circuit's guidance in *Cheejati* and fails to overcome the clear procedural rules governing bankruptcy matters.

Further, as noted by Magistrate Judge Andrew Edison in *Vita Equipose Equity Partners, LLC v. Tig Romspen U.S. Master Mortg.*, Civil Action No. 3:21-cv-00358 (S.D. Tex. Aug. 12, 2024), under 28 U.S.C. § 1447(c), once it becomes clear that the District Court lacks subject matter jurisdiction, the case must be remanded to the proper forum. Judge Edison explained:

*"Under 28 U.S.C. § 1447(c), once it becomes clear that the District Court lacks subject matter jurisdiction, the case must be remanded to the proper forum."*.

Finally, conflating bankruptcy terminology does not support Judge Werlein's invented jurisdiction. In light of the above, the Plaintiff's verified motion should be GRANTED. A proposed order has previously been provided.

RESPECTFULLY submitted this 20th day of November, 2024.

Joanna Burke, Harris County
State of Texas / Pro Se

46 Kingwood Greens Dr
Kingwood, Texas 77339
Phone Number: (281) 812-9591
Fax: (866) 705-0576
Email: joanna@2dobermans.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on November 20, 2024 as stated below on the following:

9

Nathan Ochsner
Clerk of Court
P. O. Box 61010
Houston, TX 77208

Date: November 20, 2024
Via USPS Express Mail

Burke v. PHH Mortgage Corporation (4:24-cv-00897)
District Court, S.D. Texas

Dear Sir or Madam,

**JOANNA BURKE'S FILINGS IN THIS CASE**

Please find enclosed the following documents:-

1. PLAINTIFF'S REPLY TO RESPONSE BY DEFENDANTS TO PLAINTIFF'S VERIFIED MOTION TO DISMISS FOR LACK OF JURISDICTION.
2. MOTION FOR LEAVE TO FILE FIRST AMENDED VERIFIED SURREPLY TO PHH MORTGAGE CORPORATION'S MOTION FOR SUMMARY JUDGMENT.
3. FIRST AMENDED VERIFIED SURREPLY TO PHH MORTGAGE CORPORATION'S MOTION FOR SUMMARY JUDGMENT.
4. PROPOSED ORDER.

If you have any questions, please contact me at the information below.

Thank you.

Sincerely,

*Joanna Burke*

Joanna Burke
46 Kingwood Greens Dr.,
Kingwood, TX, 77339
Email: joanna@2dobermans.com
Fax: +1 (866) 705-0576