IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION

| | | |
|---|---|---|
| Joanna Burke | ) | **CIVIL ACTION No.** |
| | ) | **4:24-cv-00897** |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Deutsche Bank National Trust Company, PHH | ) | |
| Mortgage Corporation, AVT Title Services, | ) | |
| LLC, Mackie Wolf Zientz & Mann, PC, Judge | ) | |
| Tami Craft aka Judge Tamika Craft-Demming, | ) | |
| Judge Elaine Palmer, Sashagaye Prince, Mark D | ) | |
| Hopkins, Shelley L Hopkins, Hopkins Law, | ) | |
| PLLC, John Doe, and/or Jane Doe | ) | |
| | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |

## VERIFIED SURREPLY TO PHH MORTGAGE CORPORATION'S MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE JUDGE, AND ALL INTERESTED PARTIES:

### INTRODUCTION & NECESSITY OF SURREPLY

The Texas Supreme Court has long held that foreclosure sales conducted after the expiration of the statute of limitations—whether judicial or nonjudicial—are void and may be enjoined. In *Jolly v. Fidelity Union Trust Co.*, 118 Tex. 58, 67-68 (Tex. 1927), the Court explicitly ruled that such sales, conducted after the limitations period has expired, are legally invalid. Defendants reply brief asserts the expiration of the foreclosure judgment does not bar foreclosure, and they rely upon the federal court's deficient and void 2018 judgment to extend the limitations period indefinitely. These arguments are fundamentally flawed under Texas law.

1

The Plaintiff respectfully submits this surreply in response to the Defendants' newly raised arguments which were not addressed in the original briefing, seeking leave of the court. See *Drew v. McGriff Ins. Servs.*, Civil Action 4:22-cv-3340, Doc. 45 at *1 (S.D. Tex. Mar. 13, 2024).

As shown below, Defendants' reliance on the deficient 2018 judgment as a valid basis for

> proceed. On November 28, 2018, the Fifth Circuit modified the judgment to reflect a remand to the Undersigned for the limited purpose of entering an order of foreclosure to effectuate the Fifth Circuit's judgment and permitting no other action on remand. Accordingly, the Court hereby
>
> **ORDERS** that foreclosure shall occur to effectuate the Fifth Circuit's judgment.
>
> SIGNED at Houston, Texas, on this __29__ day of November, 2018.
>
> DAVID HITTNER
> United States District Judge

foreclosure after the limitations period has expired is without merit. This surreply will demonstrate that the 2018 judgment is void (DMSJ, Doc. 27, Aug. 5, 2024; Exhibit B; EXHIBIT DB2-MSJ) and that the foreclosure attempt is barred by the statute of limitations.

Defendants also continue to invoke res judicata to bar Plaintiff's claims, despite the clear fact that the issues in this case—namely, the validity of a post-judgment foreclosure sale and the statute of limitations on such a sale—are not precluded by prior litigation. In fact, Defendants' reliance on res judicata is contradicted by their own cited case law, specifically *Maluski v. Rushmore Loan Mgmt. Servs., LLC*, No. 14-17-00233-CV (Tex. App. Oct. 4, 2018), which explicitly rejected the application of res judicata to claims regarding the statute of limitations on

2

foreclosure when such claims were not litigated in prior actions.

Moreover, the judgment upon which Defendants base their res judicata argument is void, further invalidating their claim that Plaintiff's current suit is barred. Defendants' insistence on applying res judicata here constitutes a frivolous and legally indefensible argument, designed to mislead the Court and prevent Plaintiff from asserting valid claims based on new facts and legal issues arising after the prior judgments.

## DETAILED LEGAL ANALYSIS & ARGUMENT

### 1. Texas Law Governs Foreclosure Limitations Periods

The Defendants' core argument—that a foreclosure sale can proceed after the expiration of the statute of limitations—misinterprets Texas law. As outlined in *Jolly*, the Texas Supreme Court has established that foreclosure actions, including sales under the power of sale, are governed by the statute of limitations, which is strictly enforced. Once the limitations period expires, the right to foreclose is extinguished, and any foreclosure sale conducted thereafter is void. This rule is particularly relevant here, as the debt was accelerated in 2011, yet no foreclosure occurred within the 4-year period prescribed by Texas Civil Practice & Remedies Code § 16.035. As the Plaintiff will explain, any foreclosure attempt outside of this timeframe is legally invalid.

### 2. The Defendants' Misinterpretation of the 2018 Judgment

The Defendants assert that the 2018 federal court judgment extends the foreclosure timeline, citing a ten-year renewable enforcement period for federal judgments. However, the 2018 judgment does not cure the defect of an expired limitations period, as foreclosure actions related to real property are governed by Texas law, which provides a strict 4-year period. As set forth in *Jolly* and subsequent cases, the expiration of the limitations period invalidates the foreclosure right, regardless of any subsequent judgment or federal ruling.

Summary of Texas Judgment Types and Statutes of Limitation:

| Judgment Type | Statute of Limitations | Legal Reference |
| --- | --- | --- |
| Deed of Trust Foreclosure Judgment | 4 years (from debt acceleration) | Tex. Civ. Prac. & Rem. Code § 16.035 |
| Excess Funds Judgment (after foreclosure sale) | 2 years (from foreclosure sale) | Tex. Prop. Code § 51.007 |
| Money Judgment (Personal Debt, Garnishment) | 10 years (renewable for another 10 years) | Tex. Civ. Prac. & Rem. Code § 31.006 |
| Replevin Judgment (Secured Loan Repossession) | 4 years (for repossession); 2 years (for deficiency judgment) | Tex. Civ. Prac. & Rem. Code § 16.004 |
| Tax Lien Foreclosure Judgment | 4 years (from tax delinquency) | Tex. Civ. Prac. & Rem. Code § 16.035 |

Furthermore, the Defendants' argument to "reduce[d] the foreclosure to judgment" is flawed because the loan in question is constitutionally protected. The Texas Constitution treats a home equity loan as in rem, not in personam, meaning there is no personal liability against the property owner. As noted in the Plaintiff's Deed of Trust, the "Borrower understands that Section 50(a)(6)(C), Article XVI of the Texas Constitution provides the Note is given without personal liability against each owner of the property" (Deed of Trust, p. 15 of 18, at 24 (2011 (Case 4:11-cv-01658, Document 1, Exhibit B, filed 04/29/11)), reinforcing the in rem nature of the loan and foreclosure. As discussed herein and generally, the 2018 judgment is itself defective, as it fails to meet the procedural requirements under Texas law for foreclosure actions involving homestead property. The federal court failed to properly apply Texas' constitutional protections, which render the judgment void.

### 3. The 4-Year Foreclosure Limitations Period Under Texas Law

Defendants' argument that a foreclosure judgment can be enforced for up to ten years under Texas law (pursuant to Section 34.001) is erroneous. While personal judgments for monetary relief can be renewed or extended, foreclosure of real property is governed by a stricter 4-year limitations

4

period, as set forth in Section 16.035. <u>This distinction is critical</u>: while a writ of execution may be issued to enforce a personal judgment (which is a claim for monetary relief), the power of sale in a deed of trust—the mechanism for foreclosure—relates specifically to real property and is subject to the 4-year period under Section 16.035. Therefore, any attempt to foreclose after the 4-year period is void, regardless of whether a writ of execution is issued for personal debt (Tex. Civ. Prac. & Rem. Code § 16.035).

Additionally, Defendants' reliance on Section 34.001(a) is further misplaced because the statute does not apply to homesteads. As the court in *Porterfield* clarified, judgment liens do not attach to a homestead. The court held that "a properly recorded and indexed abstract of judgment will only attach to a judgment debtor's non-exempt property" and that "a judgment lien... cannot attach to a homestead" while the property remains the debtor's homestead (*Porterfield v. Deutsche Bank Nat'l Tr. Co.,* No. 04-20-00151-CV, at *13, Tex. App. Oct. 27, 2021, citing *Wilcox v. Marriott*, 103 S.W.3d 469, 473 (Tex. App.-San Antonio 2003, pet. denied)).

### 4. The Invalidity of the 2018 Judgment and the Impact on Foreclosure

The Plaintiff asserts that the 2018 judgment is void due to its failure to comply with Texas law. Specifically, the judgment fails to meet the necessary procedural and substantive requirements for a valid foreclosure order under Texas constitutional and procedural law. Since the judgment was issued in a federal court proceeding that did not follow the proper Texas procedures, any foreclosure attempt based on this judgment lacks a legal foundation.

As relevant to these proceedings, DBNTCO's original complaint in 2011 (Case 4:11-cv-01658, Document 1, filed 04/29/11) sought, at paragraph 10, "Pursuant to Rule 735(2), Deutsche hereby files this suit seeking a final judgment which includes a declaration allowing Deutsche, directly or through its mortgage servicer, to conduct a non-judicial foreclosure sale". See also final

judgment, including order of foreclosure, in *Deutsche Bank National Trust Company, as Trustee for Fremont Home Loan Trust 2002-2, Asset-Backed Certificates, Series 2002-2 v. Freeman*, Case 4:22-cv-03146, Doc. 13 (5/5/2023). Further, paragraph 12 of the same filing states, "Pleading further, and in the alternative, Deutsche sues for judicial foreclosure of the Deed of Trust and sale of the Property at a judicial foreclosure sale, pursuant to Rule 735(1) of the Texas Rules of Civil Procedure." In alignment with Rule 309 of the Texas Rules of Civil Procedure, DBNTCO sought a judicial judgment for foreclosure, once more relying upon the terms of the Deed of Trust.

This is further substantiated by comparing Judge Hittner's orders in *Burke* with *Maldonado v. CitiMortgage, Inc.*, 4:15-cv-00120 (S.D. Tex.), and where his final judgment was affirmed on appeal to the Fifth Circuit (*Maldonado v. CitiMortgage, Inc.*, No. 16-20541, at *4 (5th Cir. Jan. 23, 2017)); *Holcomb v. Specialized Loan Servicing, LLC*, No. 3:21-cv-00210, 2024 Dist. LEXIS 161326 (S.D. Tex. Sept. 9, 2024) (same), and; *Cloward v. U.S. Bank Tr.*, No. 05-18-01397-CV, at *6-8 (Tex. App. Aug. 3, 2020), which provides an in-depth analysis of the applicable law and proper procedures for foreclosure.

### 5. Strict Constitutional Protections for Plaintiff's Homestead Property

Texas law offers stringent protections for homestead property under Article XVI, Section 50 of the Texas Constitution. These protections severely restrict the ability to foreclose on a debtor's homestead, and any foreclosure attempt that does not comply with these constitutional protections is void. The 2018 judgment does not properly address these constitutional safeguards and, as such, cannot serve as the basis for a valid foreclosure action.

As detailed in Plaintiff's complaint and subsequent pleadings, including the comparison of Judge Hittner's orders, the 2018 judgment fails to meet the specific procedural requirements outlined in Texas law, which are essential for a valid foreclosure judgment. Notably, when

foreclosure involves home equity loans, as in this case, it must comply with Article XVI, Section 50, which mandates that foreclosure cannot proceed without a court order.

Wherefore, when foreclosure is expedited under Rule 736 or any related federal court request for a foreclosure order (such as the 2018 judgment), it must mirror the procedural requirements established by the Texas Supreme Court. These safeguards are designed to protect the homeowner's rights throughout the process. In the recent and erroneous opinion cited by Defendants in *Holcomb,* Magistrate Judge Andrew Edison references the Fifth Circuit's opinion in *Maldonado* at 4, which underscores the importance of adhering to these procedural requirements in judicial foreclosure cases. While *Maldonado* specifically addresses judicial foreclosure under Rule 309, the procedural safeguards outlined in that opinion apply equally to both non-judicial and judicial foreclosures, as demonstrated in *Holcomb's* final judgment (Doc. 44, Sept. 16, 2024), where the judgment included provisions for both non-judicial and judicial foreclosure.

## 6. Bankruptcy Judge Lopez vs. U.S. District Judge Eskridge's Statutory interpretation of Section 16.035

In the *Strange* proceedings referenced by Defendants, U.S. District Judge Charles Eskridge misinterpreted Texas Civil Practice and Remedies Code Section 16.035 by suggesting that a party could either file a lawsuit or conduct a foreclosure sale within the 4-year statute of limitations. This "either/or" interpretation is fundamentally at odds with the plain text of the statute, which explicitly requires that the foreclosure sale itself must occur within the 4-year period, not merely the filing of a lawsuit.

In contrast, Bankruptcy Judge Christopher Lopez, in a related bankruptcy case *In re Robert F. Strange Jr.,* Case No. 23-32598-13 (Transcript of hearing, Sept. 7, 2023, p. 30), correctly emphasized that courts must adhere to the statute's plain language, without adding presumptions

or making unwarranted inferences. As Judge Lopez stated, "I don't read words into statutes... I read what they say and I follow it." This interpretation aligns with the unambiguous language of Section 16.035, which clearly mandates that the foreclosure sale itself must occur *within* the 4-year period. The filing of a lawsuit, as required in this case, does not extend the time for conducting a foreclosure sale.

Judge Eskridge's "either/or" interpretation is inconsistent with both the plain text of Section 16.035 and established Texas law, which has long held that nonjudicial foreclosures can be extended by recorded affidavits, either ex-parte or with the agreement of the parties. Moreover, the reasoning by state appellate Justice Molberg in *Cloward*, at 11 further clarifies that judicial and nonjudicial remedies can be pursued simultaneously within the 4-year limitations period to avoid being time-barred. Thus, federal Judge Eskridge's reliance on the flawed "either/or" argument—especially in the context of foreclosure—is both legally incorrect and inconsistent with Texas statutory law. The correct statutory interpretation, as bankruptcy Judge Lopez aptly observed, aligns with well-established Fifth Circuit principles governing statutory construction.

The Fifth Circuit has repeatedly emphasized that courts must strictly adhere to the plain text of statutes, avoiding the imposition of extraneous terms or interpretations. Judge Lopez's approach, which avoids presumptions and enforces the statute's plain meaning, exemplifies a correct application of both Texas law and the fundamental principles of federal statutory interpretation, which are critical when interpreting statutes like Section 16.035.

### 7. Defendants' Missed Deadline and Outrageous Attempt to Circumvent Texas Law: A Rebuttal to PNC v. Howard

The Defendants' reliance on a strict "either/or" approach to the 4-year foreclosure limitations period ignores a critical provision in Section 16.035 of the Texas Civil Practice and Remedies

Code. The legislature specifically provided a mechanism for extending the non-judicial foreclosure period beyond the 4-year mark by allowing the renewal of foreclosure actions through the filing of an affidavit, either ex-parte or with the consent of the parties. This legislative provision clearly accommodates extensions to the foreclosure process, making Defendants' argument that the 10-year period applies to foreclosure actions, and that the affidavit requirement can be ignored, legally unsound. However, Defendants failed to meet this statutory requirement—they missed the deadline and failed to file the necessary affidavit to renew the foreclosure proceedings.

The Defendants omission is not an innocent mistake. They knowingly bypassed acknowledging this statutory process, which was designed to ensure fairness and compliance with the law. Instead, they attempt to circumvent the law by asserting a position that was clearly rejected in the case of *PNC Mortgage v. Howard*, 668 S.W.3d 644 (Tex. 2023), where the Texas Supreme Court and Texas Court of Appeals both rejected similar claims as outrageous. In that case, Defendants' counsel Mark Hopkins (who also represents Defendants in this matter) argued a position that was swiftly rebuffed by the courts, with Justice Blacklock questioning the rationale: "...that rationale means people shouldn't ever get out from their debt...why should the court give the lender rights it didn't bargain for to get paid?"

This rhetorical question highlights the absurdity of the Defendants' position in the present case: their failure to timely renew the foreclosure by affidavit should not entitle them to an unfair advantage that the law does not provide. In fact, PNC's counsel Lembke even admitted to the Texas Supreme Court that such a position would be absurd, acknowledging that lenders are not entitled to more rights than they bargained for under Texas law. The PNC case was also centered on the statute of limitations under Section 16.035, which governs the timing of foreclosure actions, and both the Texas Court of Appeals and the Texas Supreme Court rejected the type of claim that

Defendants now advance. Defendants' insistence on pursuing a foreclosure after missing the statutory deadline and failing to file the required affidavit is nothing short of outrageous. This argument, based on an incorrect interpretation of the law, should be rejected in its entirety.

The legislature has already provided a mechanism for renewing non-judicial foreclosures through the filing of an affidavit, which Defendants failed to utilize in this case. They cannot now claim entitlement to a foreclosure sale when they have blatantly ignored the statutory process set forth by the legislature. In light of the *PNC v. Howard* case and the Defendants' clear knowledge of the statutory requirements, their arguments are nothing less than an attempt to exploit procedural gaps in a way that is not only legally indefensible but also morally suspect. The Court should reject Defendants' claims and hold them accountable for their failure to follow the clear and unambiguous statutory framework that governs foreclosure actions in Texas.

## RESPONSE TO DEFENDANT'S RES JUDICATA ARGUMENT

Defendants' res judicata argument is legally flawed and contrary to both Texas case law and the well-established rule that res judicata does not apply to void judgments. The *Maluski* case cited by Defendants actually undermines their position, as it explicitly rejected the application of res judicata to claims involving the statute of limitations on foreclosure when the issue was not litigated in prior actions. Furthermore, res judicata does not apply to void judgments, as established in *Tyler Bank & Trust Co. v. Shaw*, 293 S.W.2d 797 (Tex. Civ. App. 1956). Since the judgment at issue here is void, Defendants' reliance on res judicata is legally indefensible.

## DECLARATION

Pursuant to Texas Civil Practice and Remedies Code Section 132.001 and "In lieu of a sworn affidavit, a litigant may submit an unsworn declaration as evidence against summary judgment. See 28 U.S.C. §1746.", I hereby provide my unsworn declaration. My name is Joanna

Burke, my date of birth is Nov. 25, 1938, my address is 46 Kingwood Greens Dr, Kingwood, Texas, 77339, and I declare under penalty of perjury that all information herein is true and correct.

## CONCLUSION

For the reasons outlined above, the Plaintiff requests that the Court reject the Defendants' new arguments in their reply brief and affirm that any foreclosure attempts beyond the 4-year limitations period are void. The 2018 judgment is not a valid basis for foreclosure, and the Plaintiff's claims are supported by both Texas statute and case law.

Defendants' reliance on res judicata is deliberately flawed, and their continued pursuit of this argument constitutes a frivolous and knowingly malicious response. Their citation of *Maluski*—a case which explicitly rejects the application of res judicata to similar circumstances—demonstrates their willful disregard of controlling legal principles. Moreover, the judgment in question is void, further invalidating Defendants' res judicata argument.

The Plaintiff respectfully requests that the Court reject Defendants' argument in its entirety as legally baseless. The order of foreclosure (DMSJ, Doc. 27, Aug. 5, 2024; Exhibit B; EXHIBIT DB2-MSJ) and power of sale has expired, and the lien is void. To the extent this court maintains the opinion it has jurisdiction in these proceedings, the Motion for Summary Judgment should be DENIED.

RESPECTFULLY submitted this 11th day of November, 2024.

*/s/ Joanna Burke*

Joanna Burke, Harris County
State of Texas / Pro Se

46 Kingwood Greens Dr
Kingwood, Texas 77339
Phone Number: (281) 812-9591
Fax: (866) 705-0576
Email: joanna@2dobermans.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on November 11, 2024 as stated below on the following:

**VIA U.S. Mail:**

Nathan Ochsner
Clerk of Court
P. O. Box 61010
Houston, TX 77208

**VIA e-Mail:**

Shelley L. Hopkins
Mark D. Hopkins
HOPKINS LAW, PLLC
2802 Flintrock Trace, Suite B103
Austin, Texas 78738
mark@hopkinslawtexas.com
shelley@hopkinslawtexas.com

PHH MORTGAGE CORPORATION

*Joanna Burke*

Joanna Burke, Harris County
State of Texas / Pro Se

46 Kingwood Greens Dr
Kingwood, Texas 77339
Phone Number: (281) 812-9591
Fax: (866) 705-0576
Email: joanna@2dobermans.com

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION

| | |
|---|---|
| Joanna Burke )<br>)<br>Plaintiff )<br>)<br>vs. )<br>)<br>Deutsche Bank National Trust Company, PHH )<br>Mortgage Corporation, AVT Title Services, )<br>LLC, Mackie Wolf Zientz & Mann, PC, Judge )<br>Tami Craft aka Judge Tamika Craft-Demming, )<br>Judge Elaine Palmer, Sashagaye Prince, Mark D )<br>Hopkins, Shelley L Hopkins, )<br>Hopkins Law, PLLC,  John Doe )<br>and/or Jane Doe )<br>)<br>)<br>Defendants ) | **CIVIL ACTION No.**<br>**4:24-cv-00897**<br><br>**ORDER** |

## ORDER

Plaintiff Joanna Burke's MOTION FOR LEAVE TO FILE VERIFIED SURREPLY TO PHH MORTGAGE CORPORATION'S MOTION FOR SUMMARY JUDGMENT and VERIFIED SURREPLY TO PHH MORTGAGE CORPORATION'S MOTION FOR SUMMARY JUDGMENT came on for hearing before this Court on _____.

After considering the Motion and all supporting and opposing documents, and having heard oral argument of counsel, and otherwise being duly advised on all matters presented on this cause, IT IS HEREBY ORDERED that PLAINTIFF'S Motion should be GRANTED and the VERIFIED SURREPLY TO PHH MORTGAGE CORPORATION'S MOTION FOR SUMMARY JUDGMENT be filed on the court docket.

IT IS SO ORDERED

1

Dated this____ day of_____, 2024

_____

United States District/Magistrate Judge