IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION

| | | |
|---|---|---|
| Joanna Burke | ) | **CIVIL ACTION No.** |
| | ) | **4:24-cv-00897** |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Deutsche Bank National Trust Company, PHH | ) | |
| Mortgage Corporation, AVT Title Services, | ) | |
| LLC, Mackie Wolf Zientz & Mann, PC, Judge | ) | |
| Tami Craft aka Judge Tamika Craft-Demming, | ) | |
| Judge Elaine Palmer, Sashagaye Prince, Mark D | ) | |
| Hopkins, Shelley L Hopkins, Hopkins Law, | ) | |
| PLLC,  John Doe, and/or Jane Doe | ) | |
| | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |

United States Courts
Southern District of Texas
F I L E D

NOV 1 5 2024

Nathan Ochsner, Clerk of Court

**MOTION FOR LEAVE TO FILE VERIFIED SURREPLY TO PHH MORTGAGE
CORPORATION'S MOTION TO DECLARE PLAINTIFF AS A VEXATIOUS
LITIGANT**

TO THE HONORABLE JUDGE, AND ALL INTERESTED PARTIES:

Plaintiff, appearing pro se, respectfully submits this Motion for Leave to File Verified

Surreply to PHH Mortgage Corporation's Motion to Declare Plaintiff as a Vexatious Litigant.

The Plaintiff asserts that this surreply is necessary to address critical legal issues raised by

Defendants' motion, and to further clarify that:

**(i)        This Court Lacks Jurisdiction Over the Present Dispute**

The matters in question were not conclusively resolved by any prior federal judgment;

**(ii)       This Court is Prohibited from Interfering with State Court Proceedings**

1

Under the Anti-Injunction Act (28 U.S.C. § 2283) federal intervention is restricted unless a federal judgment explicitly bars state court jurisdiction;

**(iii)    Defendants Improperly Invokes the All Writs Act (28 U.S.C. § 1651)**

This statute is inapplicable here as the Plaintiff has not engaged in any conduct similar to the criminal and fraudulent actions of the *Baum* family or *Babineaux*, nor has the Plaintiff shown a pattern of vexatious litigation that would justify such extreme relief, and;

**(iv)    Defendants' Improper Invocation of Removal Jurisdiction**

**(a)  Bankruptcy Jurisdiction**

District Courts, such as this Court, have original and exclusive jurisdiction over cases under Title 11. See 28 U.S.C. § 1334. Removal in this case was improper, particularly given that the Plaintiff was under bankruptcy protection at the time of the unlawful removal by Defendants. This argument is further briefed separately in Plaintiff's Motion to Dismiss for Lack of Jurisdiction.

**(b)  Federal Question Jurisdiction**

Removal based on 28 U.S.C. § 1331 is also improper. As discussed herein, Plaintiff's claims do not raise a valid federal question, and thus cannot support removal under federal question jurisdiction.

**(c)  Diversity Jurisdiction**

Removal based on diversity jurisdiction, pursuant to 28 U.S.C. § 1332(a)(1), was likewise improper, as there is no complete diversity of citizenship between the parties, and therefore no proper basis for federal jurisdiction under 28 U.S.C. § 1332.

**(d)  Improper Joinder of In-State Defendants**

The Defendants' argument regarding the improper joinder of in-state defendants is

2

baseless. The state law claims against these defendants are valid and properly pled, however, this court erroneously disposed of these defendants for the reasons Plaintiff has argued in prior or related pleadings.

This motion provides sufficient legal grounds to grant the motion, dismiss the action, and return the case to the state court. Should the Magistrate Judge disagree, the surreply directly addresses the legally deficient and poisoned response filed by the Defendants and requests that the Court either strike or deny their frivolous motion.

## FEDERAL COURT INTERVENTION IS PROHIBITED

### I.    The Anti-Injunction Act and Federal Intervention

The Anti-Injunction Act restricts federal courts from intervening in state court proceedings, except where a prior federal judgment clearly prohibits state courts from addressing the issue. This principle, as established in *Smith v. Bayer Corp.* and *Atlantic Coast Line*, dictates that federal intervention is only permissible if the federal court's prior judgment has definitively resolved the matter at hand—something that did not happen in this case.

### II.    Rivet v. Regions Bank and the Scope of Federal Court Intervention

Reversing the Fifth Circuit, in *Rivet v. Regions Bank*, 522 U.S. 470 (1998), the Supreme Court held that federal courts cannot intervene in state court proceedings simply because a federal defense or issue is raised. Federal intervention is only appropriate when a prior federal judgment has definitively resolved the issues at hand. In this case, no such judgment exists, and therefore, this Court lacks jurisdiction to interfere with state court proceedings.

### III.    The 2018 Judgment and New Issues Raised by the Plaintiff

The 2018 federal court judgment allowed the foreclosure to proceed but did not resolve

critical issues that the Plaintiff has raised, specifically the validity of the court order and whether the foreclosure is time-barred. The Plaintiff argues that DBNTCO failed to initiate foreclosure within the required four-year period after the 2018 order, which was itself deficient. These issues—whether the 2018 order is void and whether the statute of limitations has expired—were not addressed in the earlier ruling. Therefore, they are open for the state court to decide, and the federal court cannot preempt this decision unless it clearly bars the state court from acting.

### IV.    The Statute of Limitations and State Law Issues

The Plaintiff's statute of limitations defense is rooted in state law and was not part of the 2018 ruling. As the Supreme Court stated in See; *Smith v. Bayer Corp.*, 564 U.S. 299, 302 (2011), federal courts should not interfere unless the federal judgment explicitly precludes the state court from addressing a new legal issue. Since the statute of limitations was never addressed by the federal court, the state court retains full authority to resolve this matter. Similarly, *Atlantic C. L. R. Co. v. Engineers,* 398 U.S. 281, 296-97 (1970) underscores that federal courts should only intervene in state matters when a prior federal decision has unmistakably preempted the state court's jurisdiction.

### V.    The Relitigation Exception Does Not Apply

The relitigation exception to the Anti-Injunction Act only applies when a federal ruling explicitly bars the state court from hearing a case. In this case, because the 2018 judgment did not resolve the timeliness of the foreclosure or the validity of the order, these issues are not precluded and are squarely within the state court's jurisdiction. The federal court must respect the state court's authority to address matters of state law that were not definitively settled by a prior federal judgment. See; *Smith v. Bayer Corp.*, 564 U.S. 299, 302 (2011).

4

## VI.    Federal Court's Role and State Court Jurisdiction

Since the key issues—statute of limitations and validity of the 2018 order—were not resolved by the 2018 federal judgment, the state court must be allowed to resolve them without interference. If the state court makes an error, the appropriate recourse would be through state appellate review, not federal intervention. The federal court has no role in preventing the state court from deciding state law issues that were not conclusively addressed in federal court.

## VII.    Conclusion

The Anti-Injunction Act prohibits federal court intervention because the issues raised by the Plaintiff—the statute of limitations and the validity of the 2018 federal order—were not definitively resolved by the prior federal judgment. As *Smith v. Bayer* and *Atlantic Coast Line* make clear, federal courts cannot intervene unless a federal judgment has explicitly barred state court jurisdiction. Since these issues were not decided by the 2018 ruling, they are properly for the state court to resolve. The federal court has no basis to enjoin state court proceedings, and the Plaintiff's case should be allowed to proceed in state court.

## THE COURT LACKS AUTHORITY TO ACT

### I.    Jurisdictional Arguments: Defendants' Overreach

Plaintiff begins by addressing certain preliminary matters, particularly Defendants' continued assertion that this District Court has jurisdiction over the present dispute. This argument is expressly rejected by Plaintiff, as set forth herein, and in related motions, including the motion for summary judgment surreply. Simply put, Plaintiff denies that jurisdiction is proper in this case and reiterates that the doctrines of res judicata and claim preclusion do not apply to the present proceedings.

5

## II.    Res Judicata Is Inapplicable

Defendants' persistent reliance on res judicata to bar Plaintiff's claims is also without merit. The issues in this case—namely, the validity of a post-judgment foreclosure sale and the statute of limitations on such a sale—were not litigated in prior actions and are not precluded by any prior litigation. Defendants' invocation of res judicata is directly contradicted by their own cited case law, *Maluski v. Rushmore Loan Mgmt. Servs., LLC*, No. 14-17-00233-CV (Tex. App. Oct. 4, 2018), which explicitly rejected the application of res judicata to claims concerning the statute of limitations on foreclosure when such claims were not addressed in prior cases. Moreover, the judgment upon which Defendants rely for their res judicata argument is void, further undermining their claim that Plaintiff's current suit is barred.

## III.    Smith v. Bayer Corp. and Federal Court Jurisdiction

The issues raised in this case are well-supported by the U.S. Supreme Court's opinion in *Smith v. Bayer Corp.*, 564 U.S. 299 (2011), which recognizes that federal courts must respect state courts' jurisdiction. The Court emphasized that "the statute [the Anti-Injunction Act] is a necessary concomitant of the Framers' decision to authorize, and Congress' decision to implement, a dual system of federal and state courts." Federal intervention is only appropriate when there is a clear and compelling reason, which is not present in this case. As Justice Kagan noted in *Smith v. Bayer*, "The Act's core message is one of respect for state courts. The Act broadly commands that those tribunals 'shall remain free from interference by federal courts.'"

## IV.    The All Writs Act Cannot Be Invoked to Interfere with State Proceedings

Defendants incorrectly argue that Plaintiff is mistaken in asserting that Section 11.054 of the Texas Civil Practice and Remedies Code provides the standard for evaluating vexatious

litigation. Defendants' motion does not seek relief under Tex. Civ. Prac. & Rem. Code § 11.054, but instead, relies on the All Writs Act (28 U.S.C. § 1651) and the Court's inherent authority to enjoin litigants allegedly abusing the court system.

However, as demonstrated herein, the federal court cannot invoke the All Writs Act to interfere in state court matters unless there is a clear, compelling justification, which does not exist in this case. Defendants' reliance on the All Writs Act is improper and must be rejected. Further, Plaintiff has already addressed the misuse of this statute in her surreply.

## VI.     The Misuse of Babineaux & Baum Family Cases to Justify Federal Intervention

The Defendants' continued reliance on *Babineaux v. Wells Fargo* is not only misplaced but entirely inappropriate for the case at hand. Babineaux involved a context rooted in criminal conduct and fraudulent actions, entirely different from the Plaintiff's legitimate legal proceedings. The circumstances in *Babineaux* do not remotely resemble those present here, where the Plaintiff is merely exercising her rights to challenge the validity of foreclosure proceedings in state court.

Moreover, Defendants have selectively chosen certain legal authorities—such as *Babineaux* and others tied to the scandalous *Baum* family—to bolster their argument. This cherry-picking of cases distorts the application of the All Writs Act and improperly extends its reach beyond the exceptional circumstances in which it is meant to be invoked. *Babineaux* specifically dealt with patterns of criminal conduct and fraudulent legal practices, which have no bearing on the Plaintiff's case, and should not be misapplied to support an unjust pre-filing injunction.

7

Plaintiff emphasizes that the Babineaux case is inapposite and its reliance by the Defendants is legally unsound. It represents a troubling attempt to generalize extreme measures against pro se litigants based on isolated and wholly unrelated incidents. This type of reasoning, akin to something one might expect from an inexperienced law student attempting to set a "new standard" for litigating against pro se plaintiffs, is both dangerous and inappropriate.

Additionally, as noted by U.S. District Judge Sam Lindsey in *Campbell Harrison & Dagley LLP v. Hill*, No. 3:10-cv-02269, Doc. 662 (N.D. Tex. 2020), federal courts must exercise great caution before invoking the All Writs Act, especially in matters that do not involve broad public interest or institutional reform. Judge Lindsey observed:

> "At some juncture, the exercise of continuing jurisdiction becomes intrusive and implicates important concerns regarding federalism. Continuing jurisdiction has a place and time, and it is best reserved for cases in which prolonged federal oversight is needed, such as those cases necessary to accomplish large-scale institutional reform and desegregation; to protect the fundamental right to vote; to oversee mass torts litigation; and to oversee class actions or consent decrees. Unlike these weighty matters requiring continued federal supervision for the greater public good, this case is an acrimonious, private dispute."

This reasoning directly undermines the Defendants' attempt to invoke federal jurisdiction in the absence of exceptional circumstances. *Campbell Harrison & Dagley LLP v. Hill* illustrates the court's reluctance to invoke the All Writs Act outside the context of such extraordinary cases. In the present matter, the Plaintiff's case involves a private dispute, one that is not of the sort warranting the extreme measures Defendants advocate.

Therefore, the Defendants' misapplication of the All Writs Act and the continued reliance on *Babineaux* and the *Baum* family cases must be rejected. These cases, rooted in fraud and criminality, bear no resemblance to the Plaintiff's legitimate state court actions and should not be used to justify an unjust pre-filing injunction..

8

## VI.    The Inappropriateness of Federal Court Interference

Federal courts have historically been reluctant to apply the All Writs Act in the manner Defendants propose, particularly when it comes to interfering with state court proceedings. The decision in *Smith v. Bayer Corp.* provides strong guidance on this matter, emphasizing that "any doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed."

This principle reinforces the idea that federal court intervention should be an exception, not the rule, especially in private disputes where the state court has competent authority. This reasoning is directly supported by *Smith v. Bayer* and *Atlantic Coast Line* in the context of this case, where federal courts should not interfere with the state court's jurisdiction unless there is a compelling reason to do so.

## VII.    Learned Precedent Against Pre-Filing Injunctions

As stated, in *Campbell Harrison & Dagley LLP v. Hill*, U.S. District Judge Sam Lindsey rejected a motion for broad federal jurisdiction, emphasizing the importance of federalism and the limited role of federal courts in private disputes. As Judge Lindsey noted, the federal courts should only intervene in matters of national importance or institutional reform, not in private disputes that do not implicate the public good. This reasoning is particularly relevant here, where the Plaintiff's case involves an acrimonious, private dispute rather than a matter requiring broad federal oversight.

Learned Judge Lindsey's reasoning directly challenges Defendants' request for a pre-filing injunction under the All Writs Act, further supporting the argument that the federal court cannot override state court processes in this case.

9

### VIII.   Procedural Impropriety and Notice Requirements

The Defendants have also failed to comply with procedural requirements for seeking relief under the All Writs Act. Specifically, as held by the Third Circuit in *Brow v. Farrelly*, 994 F.2d 1027, 1038 (3d Cir. 1993), and reiterated in other cases such as *Gagliardi v. McWilliams*, 834 F.2d 81, 83 (3d Cir. 1987), and *In re Oliver*, 682 F.2d 443, 446 (3d Cir. 1982), if the circumstances warrant an injunction, the District Court must give notice to the litigant and allow them an opportunity to oppose the proposed relief. At this point, *Oliver* had filed over 50 cases.

Defendants failed to provide Plaintiff with the required notice before seeking the injunction, making their motion procedurally improper. Had Defendants properly filed a motion under Federal Rule of Civil Procedure 11, the Court might have been able to treat that as sufficient notice. However, in the absence of proper notice, Defendants cannot act as judge in this matter, and Plaintiff's right to due process must be respected.

### DECLARATION

Pursuant to Texas Civil Practice and Remedies Code Section 132.001 and "In lieu of a sworn affidavit, a litigant may submit an unsworn declaration as evidence against summary judgment. See 28 U.S.C. §1746.", I hereby provide my unsworn declaration. My name is Joanna Burke, my date of birth is Nov. 25, 1938, my address is 46 Kingwood Greens Dr, Kingwood, Texas, 77339, and I declare under penalty of perjury that all information herein is true and correct.

### CONCLUSION

The All Writs Act is a residual source of authority to issue writs not covered by statute. However, when a statute specifically governs the issue at hand, that statute, not the All Writs Act, is controlling. See *Pennsylvania Bureau of Corrections v. U.S. Marshals Service,* 474 U.S. 34, 43 (1985).

Moreover, as the Ninth Circuit has stated, "[t]he mere fact that the actions of a state court might have some effect on the federal proceedings does not justify interference." *Negrete v. Allianz Life Ins. Co. of North America*, 523 F.3d 1091, 1101-1102 (9th Cir. 2008).

In light of the arguments presented in this surreply, including the Anti-Injunction Act and Plaintiff's lack of jurisdiction over this dispute, Plaintiff respectfully requests that this Court:

1. Grant leave to file the attached verified surreply and, if necessary, allow for the excess pages.

2. Deny Defendant's Motion to Declare Plaintiff a Vexatious Litigant and request a pre-filing injunction, as such relief is prohibited under the Anti-Injunction Act and lacks a valid jurisdictional basis.

As detailed above, the federal court is prohibited from interfering in state court proceedings under the Anti-Injunction Act, and the Defendants' attempt to invoke the All Writs Act is without merit, as it does not satisfy the exceptional circumstances required for such intervention.

A proposed order is enclosed for the Court's consideration.

RESPECTFULLY submitted this 13th day of November, 2024.

Joanna Burke, Harris County
State of Texas / Pro Se

46 Kingwood Greens Dr
Kingwood, Texas 77339
Phone Number: (281) 812-9591
Fax: (866) 705-0576
Email: joanna@2dobermans.com

11

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 7.1, I attest to conferring by emailing counsel for all the parties in these proceedings on Tuesday, Nov. 10, 2024. At the time of preparing for print and posting on Wednesday, November 13, 2024, no response has been received. It is assumed that Defendants are opposed.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on November 13, 2024 as stated below on the following:

**VIA U.S. Mail:**

Nathan Ochsner
Clerk of Court
P. O. Box 61010
Houston, TX 77208

**VIA e-Mail:**

Shelley L. Hopkins
Mark D. Hopkins
HOPKINS LAW, PLLC
2802 Flintrock Trace, Suite B103
Austin, Texas 78738
mark@hopkinslawtexas.com
shelley@hopkinslawtexas.com

PHH MORTGAGE CORPORATION

Joanna Burke, Harris County
State of Texas / Pro Se

46 Kingwood Greens Dr
Kingwood, Texas 77339
Phone Number: (281) 812-9591
Fax: (866) 705-0576
Email: joanna@2dobermans.com

12