IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION

| | | |
|---|---|---|
| Joanna Burke | ) | **CIVIL ACTION No.** |
| | ) | **4:24-cv-00897** |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Deutsche Bank National Trust Company, PHH | ) | |
| Mortgage Corporation, AVT Title Services, | ) | |
| LLC, Mackie Wolf Zientz & Mann, PC, Judge | ) | |
| Tami Craft aka Judge Tamika Craft-Demming, | ) | |
| Judge Elaine Palmer, Sashagaye Prince, Mark D | ) | |
| Hopkins, Shelley L Hopkins, Hopkins Law, | ) | |
| PLLC,  John Doe, and/or Jane Doe | ) | |
| | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |

## VERIFIED SURREPLY TO PHH MORTGAGE CORPORATION'S MOTION TO DECLARE PLAINTIFF AS A VEXATIOUS LITIGANT

TO THE HONORABLE JUDGE, AND ALL INTERESTED PARTIES:

Plaintiff, appearing pro se, respectfully submits this Verified Surreply to PHH Mortgage

Corporation's Motion to Declare Her a Vexatious Litigant. Defendants, in their response, resort

to new insults and falsehoods, attempting to distract from the substantive legal arguments raised

by Plaintiff in her previous response. Yet, these tactics fail to address the core issues at hand.

Plaintiff categorizes the key points raised by Defendants as follows:

A. The Court's Authority to Act

B. The Appropriateness of a Pre-Suit Injunction Under 28 U.S.C. §1651(a)

In response, Plaintiff relies upon well-established legal precedents that decisively reject

1

both arguments for the following reasons: -

### RESPONSE TO DEFENDANTS' FRIVOLOUS VEXATIOUS LITIGANT MOTION

Defendants, PHH Mortgage Corporation and their counsel Mark and Shelley Hopkins, seek to falsely label Plaintiff as a vexatious litigant and impose a pre-suit injunction under the All Writs Act (28 U.S.C. §1651(a)). They rely on inapposite precedents, including *Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 189 (5th Cir. 2008), and the related *Clark v. Mortenson*, 93 F. App'x 643, 654 (5th Cir. 2004) (per curiam), which involve the notorious Baum family, who were sanctioned for engaging in fraudulent practices. In the *Baum* case, the Baums were admonished by the court for wrongfully interfering in legal proceedings, misrepresenting themselves as licensed attorneys, lying to the court, and generally abusing the judicial system. As a result, they were sentenced to ten days in jail and ordered to pay $100,000 in attorney's fees. Additionally, the court issued a permanent pre-filing injunction against the Baums, barring them from filing further cases without court approval.

Despite the Baums' documented pattern of criminal behavior and fraudulent legal practices, Defendants now seek to invoke this case to justify extreme measures against Plaintiff. The irony and hypocrisy of their position is stark, especially considering Defendants' own documented history of fraud, concealment, and ethical violations. Unlike the Baums, Plaintiff Joanna Burke is a law-abiding, retired elderly citizen, engaged in a legitimate legal battle to protect her home and rights, not to manipulate or abuse the judicial system.

### DEFENDANTS' TRACK RECORD OF FRAUD AND MISCONDUCT

For example, Mark Hopkins has been directly involved in document fabrication, such as submitting late or altered evidence, and in cases where critical evidence was deliberately withheld—such as in the *Deutsche Bank v. Burke* case. This pattern of misconduct mirrors that

2

of the discredited Baum family, whose repeated abuses of the legal system resulted in court sanctions and disbarments.

In fact, Hopkins Law, PLLC's role in representing both PHH and Deutsche Bank— that has been fined billions of dollars for fraud and systematic predatory lending and mortgage abuse—raises serious concerns about Mark and Shelley Hopkins credibility. The Defendants have faced billions in fines and penalties, alongside sanctions involving the foreclosure mill BDF (*Thomas v. Prof'l Law Firm & Corp. of Barret, Daffin, Frappier, Turner & Engel L.P.*, CIVIL ACTION No. 4:13-cv-2481, at *4 (S.D. Tex. Aug. 19, 2014)). BDF represented DBNTCO from 2011-2015, where Shelley Hopkins was employed. Since their unannounced arrival in 2015/2016, Defendants' counsel Mark Hopkins (Hopkins & Williams, PLLC) and Shelley Hopkins (of counsel for BDF, now with Hopkins Law, PLLC) have repeatedly violated numerous laws, especially after the Burkes defeated DBNTCO twice, first in a 2015 bench trial before Hon. Stephen Wm. Smith, where the bank failed to present reliable evidence. Additionally, Hopkins and his firm admitted in open court to concealing critical documents and withholding the mortgage loan file from the Burkes'—a serious ethical violation.

## HYPOCRISY OF RELYING ON BAUM PRECEDENTS

The Defendants, who have themselves engaged in fraud, document concealment, and ethical violations, now have the audacity to invoke the discredited precedents set by the *Baum* family—an infamous example of legal abuse—while accusing Plaintiff of vexatious litigation. This contradiction is staggering. Defendants are using fraudulent precedents to justify silencing a litigant, when their own history is one of repeated violations of the law and ethical standards.

## DEFENDANTS' DECEITFUL CLAIMS OF FOUL PLAY

The hypocrisy of Defendants' position is further compounded by their counsel's continuing

bad faith and involvement in fraudulent actions, such as misrepresenting facts and concealing evidence in multiple cases. See; *Payne v. C.I.R*, 224 F.3d 415, 420 (5th Cir. 2000).

For instance, in *Hicks v. Cenlar FSB* (4:20-cv-01661, SDTX, Doc. 25-9, 07/28/21), Shelley Hopkins submitted a doctored affidavit. In the landmark case of *PNC Mortg. v. Howard*, 616 S.W.3d 581, 583 (Tex. 2021), Mark Hopkins' introduction of new evidence was specifically rejected by the court due to its untimely submission.

In Plaintiff's personal experience, she witnessed Mark Hopkins falsely accuse her and her now-deceased husband of wanting "certain judges be shot"—a malicious lie he later tried to retract, claiming it was a mistake. However, it was no mistake. It was a deliberate attempt to damage Plaintiff's unblemished reputation as an upstanding and law-abiding citizen.



See; *Burke v. Hopkins Law, PLLC*, et al., Case No. 4:18-cv-04543, Sep. 10, 2019 Status Conference before Magistrate Judge Peter Bray, who went red in the face and angrily confronted John Burke (deceased) by shouting: "Are You a Criminal?", to which John Burke calmly replied as a former Military Policeman and British Paratrooper who proudly served his country and was

4

also an upstanding and law-abiding citizen, "No, Your Honor".

This hypocrisy is further compounded by Defendants' latest malicious reply, in which they falsely accuse Joanna Burke of harboring "hatred" toward DBNTC (her mortgagee), its mortgage servicers, legal counsel for DBNTC and its servicers, as well as members of the judiciary (and their staff) who have ruled against her. Once again, they seek refuge in the judiciary, weaving a web of untruths and lies, fully aware that they are shielded from accountability by the overreaching immunity laws that protect attorneys from prosecution or consequences for their unscrupulous actions. As previously stated, sanctions and a referral to the State Bar are warranted due to the mandatory ethical duties of judges (*Warrilow v. Norrell*, 791 S.W.2d 515, 523 (Tex. App. 1990); *Comm'n for Lawyer Discipline v. Cantu*, 587 S.W.3d 779, 784 (Tex. 2019)).

Despite these documented instances of egregious misconduct, Defendants now attempt to portray themselves as victims of "foul play," falsely accusing Plaintiff of behaviors they themselves have repeatedly exhibited in their own legal practices. This conduct is both pathetic and unconscionable. Upon examining Defendants' response, it is patently obvious that there is nothing within it worthy of serious consideration. Having failed to secure a private settlement offer from the Plaintiff a year ago, the sanctioned Defendants and their counsel now resort to underhanded tactics, seeking relief and support from the federal court and government agencies to which they are not entitled – the unlawful theft of Plaintiff's home of over two decades.

In fact, very recently the Texas Supreme Court vehemently rejected Mark Hopkins' and his client PNC's malicious prosecution in another case involving homeowners, the Howards in *PNC Mortg. v. Howard*, 668 S.W.3d 644 (Tex. 2023). The Howards, like Plaintiff, have fought for well-over a decade for justice, enduring years of litigation abuse and legal battles—including two appearances before the Texas Supreme Court, forced upon them by Mark Hopkins and his

5

co-conspirators. During 2022's Oral Argument, Justice Blacklock stated:

> "It seems to me that if someone came the court in the year 2022 and said, "Look, we have a contract with the other party and we didn't follow the terms of it but it would be really unfair if you let them out and enforced our contract as it is written so you need to give us some equitable rights to make sure that we're covered", I mean...you couldn't make that argument with a straight face." - Justice Jimmy Blacklock.

> Available at Texas Bar CLE website (last visited Nov. 13, 2024): https://www.texasbarcle.com/cle/SCPlayer5.asp?sCaseNo=21-0941

For the same legal reasoning, this court should embrace the integrity of the Texas Supreme Court and repel the illegal advances by the sanctioned and criminally corrupt Defendants in these proceedings who have presented the same facts with a straight face, but "this argument does not even pass the "red face" test." *In re Pilgrim's Pride Corp.,* 439 B.R. 661, 668 n.11 (Bankr. N.D. Tex. 2010) (rejecting statutory construction that was "so patently absurd as to not pass the 'red face' test").

## JUDICIAL OVERREACH AND THE THREAT OF PRE-FILING INJUNCTIONS

It is deeply troubling that the court and Defendants are now seeking to impose a pre-filing injunction against Plaintiff—a law abiding 85-year-old disabled widow—who is fighting to protect her home of over two decades and expose the fraudulent lending practices that have been used against her. This is not a matter of frivolous litigation; it is a battle for justice in the face of overwhelming corporate and legal malfeasance, compounded by oppressive elder abuse. It's a relentless assault by Defendants with deep pockets and a gruesome struggle for the medically challenged Plaintiff who's been slowly recovering from extreme heat-stroke.

Notably, DBNTCO and PHH were recently eviscerated by a Texas judge, who found their actions criminal and awarded treble damages in the *Jones* case (*Ocwen Loan Servicing, LLC v. Jones*, No. 13-22-00425-CV, Tex. App., filed Sep. 19, 2019) (MSJ, p.14: EXHIBIT DBJONES-

MSJ), resulting in approximately a $4 million judgment.

The circumstances of that case are no different from Joanna Burke's prolonged and heart-wrenching battle for justice against a predatory lender and their deceitful and abhorrent counsel in federal court—a struggle that has already cost her 14 years of her life, the loss of her beloved husband, retirement dreams, and the destruction of her home which now sits precariously at risk of an unlawful taking.

In each of these 3 example wrongful foreclosure cases involving Defendants or their counsel, the Jones, the Howards and widow Joanna Burke, they have opened each argument in a similar vein as Defendants here:

> "The present lawsuit represents the most recent filing in an extended line of lawsuits, appeals, attempted interventions and frivolous bankruptcies filed by Joanna Burke in her continued effort at stalling the foreclosure of the real property where she has lived for over fourteen years without paying her mortgage."

In the now settled $4 Million Dollar judgment – the *Jones* case (Deutsche Bank and PHH);

> "TO THE HONORABLE JUSTICES OF THE COURT:
> Houses aren't free, and neither is money. These are two of the few certainties in life. Yet the Joneses received both—and then some—in the trial court.
> Despite the Joneses defaulting for many years on a home equity loan they used to pay off their mortgage, the trial court ultimately rescinded a lawful foreclosure on the home, transferred title of the home back to the Joneses free and clear of any loan obligations, and refused the home equity lender's request for subrogation of the mortgage loan paid off with the proceeds of the home equity loan.
> On top of that, the trial court also awarded money damages to the Joneses, essentially forcing Appellants to pay the Joneses to take title to a house for which the Joneses had admittedly failed to pay. This was, by any measure, a remarkable outcome in the trial court.
> In the final measure, Appellants have paid for this property ten-times over, while the Joneses, who continue to live at the property, have not made a payment on the home since 2009.
> Yet under the trial court's judgment it is the Joneses who now live in the house free-and-clear of any loan obligations, while also being entitled to substantial

7

damages from Appellants. This world-turned-upside down result is inequitable, unjust, and improper under Texas law. The trial court's judgment should be reversed."

- *Ocwen Loan Servicing, LLC, Homeward Residential, Inc.(f/k/a American Home Mortgage Servicing, Inc.), and Deutsche Bank National Trust Company, as trustee for Ameriquest Mortgage Securities, Inc., Asset-Backed Pass-Through Certificates, Series 2004-R8 v. Consuelo Jones, Gabriela Jones, and MARCC* - 13-22-00425-CV, Brief of Appellants, prepared by Dykema Gossett PLLC, submitted, Sep. 13, 2023, 13th Judicial District, Corpus Christi, Texas.

At oral argument in the 2022 PNC Case against the Howards':

"When you have had people live in a home for over a decade and not paid a dime in taxes or mortgage payments, it's unjust enrichment."

Texas Supreme Court Justice Blacklock responded:

"If the original mortgage holder does not follow the rules, they don't get to foreclose..."

The imposition of a pre-filing injunction would not only strip Plaintiff of her constitutional right to access the courts, but would also have catastrophic consequences, including the unlawful theft of her home. This attempt to silence Plaintiff through legal chicanery, despite the legitimate nature of her claims, is an affront to the justice system and a grave overreach by both the Defendants and the court.

## THE "JONES ROMANCE SCANDAL" AND ONGOING JUDICIAL CORRUPTION

The scandal involving Chief Judge David Jones and his improper relationships with former clerk Elizabeth Freeman exposes a deep-seated corruption within the Texas legal community—corruption that, if not for a brave whistleblower, would have remained hidden, allowing Judge Jones and Freeman to divert millions of dollars under extremely questionable circumstances. Chief Judge Jones' resignation, rather than impeachment amid these allegations, is indicative of the long-standing culture of impunity that pervades certain sectors of the judicial system. This

8

scandal highlights the systemic issues that are too often ignored, with judges such as Jones, and now those involved in the present case, acting with personal bias to maintain control over legal outcomes. In fact, as cited in *Van Deelen v. Jones*, 4:23-CV-03729-AM, at *35-36 (S.D. Tex. Aug. 16, 2024), the court specifically acknowledged the systemic corruption and biases at play:

> "Although the Plaintiff fails to state a valid cause of action, his allegations, if true, show that he suffered injustice in Jones's courtroom. The Court will not punish the Plaintiff for seeking to redress his grievances in a forum in which, for once, the deck is not stacked against him. True, the Plaintiff has a history of filing meritless claims about supposed public corruption. But this time, he was right."

The Plaintiff in this case, like the Plaintiff in *Van Deelen*, has been victimized by a corrupt and biased legal system, which has consistently worked to undermine her legitimate claims and deprive her of her constitutional right to seek redress for fraudulent actions by Defendants.

## ELDER ABUSE AND THE UNLAWFUL ACTIONS OF THE FEDERAL COURT

This case has been marred by a series of unlawful rulings and improper judicial actions by Judges like Werlein and Bryan. Specifically:

Judge Werlein's dismissal of motions without proper consideration of the facts or jurisdiction shows a blatant disregard for due process. His actions were not only unfounded but severely undermined the Plaintiff's legal position by retaining jurisdiction this court knowingly does not hold. Plaintiff previously referenced; *Ex parte Eastland*, 811 S.W.2d 571, 572 (Tex. 1991) (exceeding authority); *Sotelo v. Scherr,* 242 S.W.3d 823, 830 (Tex. App. 2007) and *Browning v. Prostok,* 165 S.W.3d 336, 346 (void for lack of jurisdiction); *In re Abbott,* 954 F.3d 772, 782 (5th Cir. 2020) (judicial usurpation). In short, all of his orders are void. *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 343 (1872); a nullity, *Schmidt v. Rodriguez*, CASE NO: 12-07018 (Bankr. S.D. Tex. June 15, 2013).

Magistrate Judge Bryan's initial order on September 18, 2024, described this case as part

9

of an ongoing series of attempts to thwart foreclosure proceedings, mischaracterizing the Plaintiff's actions as frivolous, despite the legitimate legal challenges she has raised. This mislabels her pursuit of justice, constitutes a deliberate attempt to suppress the truth, and demonstrates clear prejudgment of the issues at hand.

Recently, in further support of Defendants' position, the court granted them an extension of time—an extension that was denied to Plaintiff, not once, but twice. While this may seem like a minor procedural matter, its implications are far from trivial. As a pro se litigant, Plaintiff is already disadvantaged by the lack of access to electronic filing, which typically shortens filing deadlines by several days. Moreover, known delays in mail delivery and the court's processing of documents further compound this disadvantage, creating a situation where Plaintiff is unable to effectively participate in the proceedings. These institutional delays and barriers disproportionately burden Plaintiff, impacting her ability to meet deadlines and hindering her right to due process.

This unequal treatment is not just a procedural inconvenience; it threatens to undermine Plaintiff's fundamental civil rights. Denying pro se litigants' access to timely and equal treatment before the court severely compromises the integrity of the legal process and diminishes the Plaintiff's ability to pursue justice in a meaningful way.

> "Recusal is required when, objectively speaking, "the probability of actual bias on the part of the judge or decisionmaker is too high to be constitutionally tolerable...The Court asks not whether a judge harbors an actual, subjective bias, but instead whether, as an objective matter, the average judge in his position is likely to be neutral, or whether there is an unconstitutional potential for bias" - *Rippo v. Baker*, 137 S. Ct. 905, 907 (2017).

The court's failure to consider all evidence presented, as well as its hostility towards the Plaintiff, illustrates judicial activism in its most harmful form—a form that actively perpetuates

injustice by targeting Joanna Burke, a law-abiding, elderly, disabled citizen, in violation of her First Amendment rights and related constitutional protections, including due process and equal protection, unreasonable searches and seizures, and unlawful takings.

## A CALL FOR JUDICIAL ACCOUNTABILITY

Given the unjust actions of the Defendants and the court's biased handling of this case, it is clear and obvious that Joanna Burke has been the victim of institutional and judicial corruption, resulting in the continued fraudulent actions of the Defendants. The imposition of a pre-suit injunction or any further sanctions against the Plaintiff would represent not only an affront to justice but also an attack on her fundamental rights.

The court has a duty to uphold justice without bias or improper influence. Given the fraudulent practices and judicial misconduct surrounding this case, Plaintiff respectfully requests that the court consider the full scope of these actions. Only by doing so can the court restore its integrity and ensure that justice is truly served. Therefore, the motion to declare Plaintiff vexatious and pre-suit injunction must be denied, as it represents a grave miscarriage of justice.

## DECLARATION

Pursuant to Texas Civil Practice and Remedies Code Section 132.001 and "In lieu of a sworn affidavit, a litigant may submit an unsworn declaration as evidence against summary judgment. See 28 U.S.C. §1746.", I hereby provide my unsworn declaration. My name is Joanna Burke, my date of birth is Nov. 25, 1938, my address is 46 Kingwood Greens Dr, Kingwood, Texas, 77339, and I declare under penalty of perjury that all information herein is true and correct.

## CONCLUSION

For the reasons outlined above as well as the arguments presented in the motion for leave itself, the Plaintiff respectfully requests that the Court reject Defendants' argument in its entirety

as legally baseless. To the extent this court maintains the opinion it has jurisdiction in these proceedings, this frivolous Motion to Declare Plaintiff a Vexatious Litigant and for a Pre-filing Injunction should be DENIED. A proposed order is attached.

RESPECTFULLY submitted this 13th day of November, 2024.

Joanna Burke, Harris County
State of Texas / Pro Se

46 Kingwood Greens Dr
Kingwood, Texas 77339
Phone Number: (281) 812-9591
Fax: (866) 705-0576
Email: joanna@2dobermans.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on November 13, 2024 as stated below on the following:

**VIA U.S. Mail:**

Nathan Ochsner
Clerk of Court
P. O. Box 61010
Houston, TX 77208

**VIA e-Mail:**

Shelley L. Hopkins
Mark D. Hopkins
HOPKINS LAW, PLLC
2802 Flintrock Trace, Suite B103
Austin, Texas 78738
mark@hopkinslawtexas.com
shelley@hopkinslawtexas.com

PHH MORTGAGE CORPORATION

Joanna Burke, Harris County
State of Texas / Pro Se

46 Kingwood Greens Dr
Kingwood, Texas 77339
Phone Number: (281) 812-9591
Fax: (866) 705-0576
Email: joanna@2dobermans.com

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION

| | |
|---|---|
| Joanna Burke | ) **CIVIL ACTION No.** |
| | ) **4:24-cv-00897** |
| Plaintiff | ) |
| | ) |
| vs. | ) **ORDER** |
| | ) |
| Deutsche Bank National Trust Company, PHH | ) |
| Mortgage Corporation, AVT Title Services, | ) |
| LLC, Mackie Wolf Zientz & Mann, PC, Judge | ) |
| Tami Craft aka Judge Tamika Craft-Demming, | ) |
| Judge Elaine Palmer, Sashagaye Prince, Mark D | ) |
| Hopkins, Shelley L Hopkins, | ) |
| Hopkins Law, PLLC,  John Doe | ) |
| and/or Jane Doe | ) |
| | ) |
| | ) |
| Defendants | ) |

**ORDER**

Plaintiff Joanna Burke's MOTION FOR LEAVE TO FILE VERIFIED SURREPLY
TO PHH MORTGAGE CORPORATION'S MOTION TO DECLARE PLAINTIFF AS A
VEXATIOUS LITIGANT and VERIFIED SURREPLY TO PHH MORTGAGE
CORPORATION'S MOTION TO DECLARE PLAINTIFF AS A VEXATIOUS LITIGANT
came on for hearing before this Court on _____.

After considering the Motion and all supporting and opposing documents, and having

heard oral argument of counsel, and otherwise being duly advised on all matters presented on

this cause, IT IS HEREBY ORDERED that PLAINTIFF'S Motion should be GRANTED and

the VERIFIED SURREPLY TO PHH MORTGAGE CORPORATION'S MOTION TO

DECLARE PLAINTIFF AS A VEXATIOUS LITIGANT be filed on the court docket.

1

IT IS SO ORDERED

Dated this_____ day of_____, 2024

_____

United States District/Magistrate Judge