United States District Court
Southern District of Texas
**ENTERED**
January 23, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOANNA BURKE, | § | |
|    *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 4:24-CV-0897 |
| | § | |
| PHH MORTGAGE CORPORATION, | § | |
|    *Defendant.* | § | |

## **MEMORANDUM AND RECOMMENDATION**

Plaintiff, a veteran litigant proceeding pro se, initiated this case in state court on December 21, 2023, as part of an approximately 14-year effort by herself and her family to thwart foreclosure on property located in Kingwood, Texas (Property).[1] ECF 1-4; *See also* ECF 18, ECF 33-3 at 36-37. Defendant PHH Mortgage Corporation (PHH) timely removed the action to federal court asserting federal subject matter jurisdiction based on the following: (i) the action was "related-to" Plaintiff's bankruptcy proceeding; (ii) Plaintiff alleged a federal due process violation; and (iii) complete diversity exists between the parties. ECF 1 at 4. On June 17, 2024, the Court denied Plaintiff's Emergency Motion to Remand (ECF 5), holding that subject matter jurisdiction existed at the time of removal because this

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 26.

matter was related to Plaintiff's pending bankruptcy proceeding and that "PHH did not violate the automatic stay when it removed the suit to this Court." ECF 18.

The case is now before the Court on Plaintiff's "Verified Motion to Dismiss for Lack of Jurisdiction." ECF 33. Plaintiff styled her filing as a motion to dismiss, but in substance it is a motion for reconsideration of the Court's June 17, 2024 Order denying her Emergency Motion to Remand. Denial of a motion to remand is an interlocutory order. *Smith-Hubbard v. AMICA Mut. Ins. Co.*, No. 23-40331, 2024 WL 747249, at *3 (5th Cir. Feb. 23, 2024) (citations omitted)). The Fifth Circuit has held that, pursuant to Federal Rule of Civil Procedure 54(b), a district court is "free to reconsider and reverse [an interlocutory order] for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (citations omitted). However, district courts must exercise their broad discretion to reconsider interlocutory orders "sparingly to prevent the unnecessary reexamination of interlocutory orders with the resulting burdens, including expense and delay." *Caramba, Inc. v. Nationwide Mut. Fire Ins. Co.*, No. CV H-19-1973, 2021 WL 259388, at *2 (S.D. Tex. Jan. 26, 2021) (citations omitted). The Court finds no reason to reconsider the June 17, 2024 Order denying Plaintiff's Emergency Motion to Remand.

Contrary to what Plaintiff argues, subject matter jurisdiction existed in this Court at the time of removal. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (holding that "jurisdictional facts that support removal must be judged at the time of the removal"); *Velasco v. Amazon.com Servs., LLC*, No. 4:23-CV-03897, 2024 WL 1071873, at *2 (S.D. Tex. Mar. 12, 2024) (citations omitted). Plaintiff contends this Court lacks subject matter jurisdiction because the case should have been removed to bankruptcy court rather than district court. ECF 33 at 4. Plaintiff is incorrect. Under 28 U.S.C. § 1334, district courts have original and exclusive jurisdiction over bankruptcy cases, and bankruptcy courts may have authority by reference under 28 U.S.C. § 157. *In re Kevco Inc.*, 113 F. App'x 29, 31 n.9 (5th Cir. 2004) (citing statutes); *see also In re Mugica*, 362 B.R. 782, 788 (Bankr. S.D. Tex. 2007) (citing statutes). Therefore, 28 U.S.C. § 1441(a) permits removal of a case from state court to *district court*, not directly to the *bankruptcy court*. Under General Order 2012-06, the usual procedure in the Southern District of Texas is for the district court to transfer to the bankruptcy court a removed case which is related to a pending bankruptcy matter.[2] However, General Order 2012-06 is a matter of procedure and does not divest the district court, of which the bankruptcy court is a unit, of subject matter jurisdiction. *See Matter of Imperial*

---

[2] General Order 2012-06, on which Plaintiff relies, is available at https://www.txs.uscourts.gov/district/genord#2012 (last viewed 01.23.25).

*Petroleum Recovery Corp.*, 84 F.4th 264, 271 (5th Cir. 2023) (recognizing that "bankruptcy courts operate as arms of district courts"). Further, at the time the Court ruled on Plaintiff's Emergency Motion to Remand, her bankruptcy proceeding, like the one before it,[3] had been dismissed for Debtor's failure to comply with required filings. *In re Joanna Burke*, Bankruptcy Case No. 24-30885, slip op. April 1, 2024 (ECF 24). Therefore, no pending bankruptcy case warranted a referral to bankruptcy court.

For these reasons, the Court RECOMMENDS that Plaintiff's "Verified Motion to Dismiss for Lack of Jurisdiction" (ECF 33) be DENIED.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C). Failure to file written objections within the period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on January 23, 2025, at Houston, Texas.

*Christina A. Bryan*
Christina A. Bryan
United States Magistrate Judge

---

[3] *See In re Burke*, Bankruptcy Case No. 23-35083, slip op. Jan. 17, 2024 (ECF 15).