United States District Court
Southern District of Texas
**ENTERED**
January 23, 2025
Nathan Ochsner, Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| JOANNA BURKE, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 4:24-CV-0897 |
| | § | |
| PHH MORTGAGE CORPORATION, | § | |
| *Defendant.* | § | |

## <u>MEMORANDUM AND RECOMMENDATION</u>

Plaintiff, a veteran litigant proceeding pro se, initiated this case in state court on December 21, 2023, as part of her approximately 14-year effort to thwart foreclosure on residential property located in Kingwood, Texas (Property).[1] ECF 1-4; *See also* ECF 18, ECF 33-3 at 36-37. Before the Court is PHH Mortgage Corporation's Motion for Summary Judgment.[2] ECF 27. The Court recommends the Motion for Summary Judgment be GRANTED and this case be dismissed with prejudice.

### I.    Procedural Background

The instant case has been pending in this court only since April 2024, but its procedural history goes back to 2007. On May 21, 2007, Plaintiff and her husband,

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 26.

[2] The Court has dismissed all other Defendants. ECF 23.

John Burke (deceased), executed a $615,000.00 home equity note secured by deed of trust on the Property.  In 2010, the Burkes stopped making payments on the loan, paying taxes, and paying insurance.  In the ensuing years, the holders of the note and deed of trust have been attempting to foreclose on the Property.

The Burkes' first lawsuit was filed by counsel in Texas state court and, after the defendant removed the case to federal court, the Burkes voluntarily dismissed the suit without prejudice on March 4, 2011.  *Burke v. IndyMac Mort. Servs.*, Civil Action No. 4:11-cv-00341.  On April 29, 2011, Deutsche Bank National Trust Co., in its capacity as assignee of the note and deed of trust, filed suit against the Burkes in federal court seeking an order of foreclosure.  *Deutsche Bank Nat'l Tr. Co. v. Burke*, Civil Action No. 4:11-CV-01658 (ECF 1).  After lengthy litigation, the case finally concluded when the Fifth Circuit ruled in favor of Deutsche Bank and remanded the case to the district court for the sole purpose of entering an Order of Foreclosure to effectuate the Fifth Circuit's judgment, which the district court did on November 29, 2018.  *Id.* at ECF 145.  The United States Supreme Court denied review.  *Id.* at ECF 146.

The Burkes filed four more lawsuits, including one in Minnesota, and Joanna Burke filed two bankruptcy cases and an adversary proceeding, all of which were dismissed.  *See* ECF 27 at 4-8 (listing cases).  Joanna Burke also unsuccessfully

2

attempted to intervene in other, unrelated litigation at least four times. *Id.* By PHH's count, the instant case is the seventh lawsuit involving the Burke's Property. *Id.*

Joanna Burke initiated this case in state court on December 21, 2023 to prevent the impending January 2, 2024 foreclosure sale of the Property. ECF 1-4 at 2. Plaintiff's operative pleading is the Third Amended Verified Petition and Second Application for Ex-Parte Temporary Restraining Order and Permanent Injunction by Joanna Burke, filed in state court on March 4, 2024. *Id.* at 393-500. Plaintiff's 100-plus page pleading asserts many allegations and seeks consequential and punitive damages in an unspecified amount, declaratory judgment, and injunctive relief "to prevent defendants from unlawfully selling her homestead, in violation of Texas laws." *Id.* at 498-99.

## II.    Summary Judgment Standards

Summary judgment is appropriate if no genuine issues of material fact exist, and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). The party moving for summary judgment has the initial burden to prove there are no genuine issues of material fact for trial. *Provident Life & Accident Ins. Co. v. Goel*, 274 F.3d 984, 991 (5th Cir. 2001). Dispute about a material fact is "genuine" if the evidence could lead a reasonable jury to find for the nonmoving party. *Hyatt v. Thomas*, 843 F.3d 172, 177 (5th Cir. 2016). "An issue is material if its resolution could affect the outcome of the action." *Terrebonne Parish Sch. Bd.*

*v. Columbia Gulf Transmission Co.*, 290 F.3d 303, 310 (5th Cir. 2002). If the moving party meets its initial burden, the nonmoving party must go beyond the pleadings and must present evidence such as affidavits, depositions, answers to interrogatories, and admissions on file to show "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

The court construes the evidence in the light most favorable to the nonmoving party and draws all reasonable inferences in that party's favor. *R.L. Inv. Prop., LLC v. Hamm*, 715 F.3d 145, 149 (5th Cir. 2013). In ruling on a motion for summary judgment the Court does not "weigh evidence, assess credibility, or determine the most reasonable inference to be drawn from the evidence." *Honore v. Douglas*, 833 F.2d 565, 567 (5th Cir. 1987). However, "[c]onclus[ory] allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *U.S. ex rel. Farmer v. City of Houston*, 523 F.3d 333, 337 (5th Cir. 2008) (citation omitted).

## III.   Analysis

Despite the November 29, 2018 judgment authorizing foreclosure, Joanna Burke filed the Third Amended Petition in state court asserting the following causes of action: (1) violation of the Texas Constitution; (2) malicious abuse of process; (3) conspiracy; (4) fraud; (5) intentional infliction of emotional distress; (6) mental

anguish; (7) violation of the Texas Debt Collection Act; and (8) quiet title. ECF 1-4 at 476-491. Plaintiff seeks declaratory judgment and injunctive relief preventing foreclosure. *Id.* at 491-96. PHH moves for summary judgment on all of Plaintiff's claims based both on res judicata and on the merits. In her Summary Judgment Response and Surreply, Plaintiff argues that PHH's efforts to foreclose on the Property are time-barred under Texas Civil Properties and Remedies Code § 16.035, which establishes a four-year limitations period for foreclosure of contractual liens. ECF 40; ECF 44.

### A.    PHH's Foreclosure Efforts are Timely.

Section 16.035 of the Texas Civil Practices and Remedies Code provides:

(a) A person must bring suit for the recovery of real property under a real property lien or the foreclosure of a real property lien not later than four years after the day the cause of action accrues.

(b) A sale of real property under a power of sale in a mortgage or deed of trust that creates a real property lien must be made not later than four years after the day the cause of action accrues.

TEX. CIV. PRAC. & REM. CODE § 16.035. Plaintiff misunderstands PHH's position. PHH is not attempting to foreclose under a real property lien; the lien has already been foreclosed. PHH is attempting to execute on a judicial foreclosure order. The Fifth Circuit recently addressed this situation in *Couch v. Bank of New York Mellon*, No. 24-10297, 2024 WL 4471309, at *1 (5th Cir. Oct. 11, 2024). Like Ms. Burke, the Couches argued that § 16.035 requires mortgagees to file suit and hold a

foreclosure sale within four years. *Id.* The Fifth Circuit held that is not the law in Texas. *Id.* (citing *Slay v. Nationstar Mortg., L.L.C.*, No. 2-09-052-CV, 2010 WL 670095, at *3 (Tex. App.—Fort Worth Feb. 25, 2010, pet. denied) (holding that § 16.035(a) "does not require that the actual foreclosure occur within the four-year limitation period, but rather, requires only that the party seeking foreclosure 'bring suit ... not later than four years after the day the cause of action accrues.'")); *see also Holcomb v. Specialized Loan Servicing, LLC*, No. 3:21-CV-00210, 2024 WL 4124698, at *3 (S.D. Tex. Sept. 9, 2024) (holding it is "simply not the law" that a foreclosure sale must occur within four years of the entry of the foreclosure judgment (citing *Metcalf v. Wilmington Sav. Fund Soc'y, FSB*, No. 03-16-00795-cv, 2017 WL 1228886, at *4 (Tex. App.—Austin Mar. 29, 2017, pet. denied))).

PHH's statute of limitations to execute on the foreclosure judgment is governed by Texas Civil Practice and Remedies Code § 34.001, which provides:

> (a) If a writ of execution is not issued within 10 years after the rendition of a judgment of a court of record or a justice court, the judgment is dormant and execution may not be issued on the judgment unless it is revived.

*Holcomb,* 2024 WL 4124698, at *3 n.4; *see also Andrews v. Roadway Exp. Inc.*, 473 F.3d 565, 568-69 (5th Cir. 2006) (state law applies to the time for executing a federal judgment and under Texas Civil Practice and Remedies Code § 34.001 a judgment is "dormant" if no writ of execution is issued within ten years after the date of the

judgment).  The final Foreclosure Order was entered on November 29, 2018.  PHH's

current efforts to execute on the Foreclosure Order are not time-barred.

**B. Plaintiff's Attempts to Prevent Foreclosure are Barred by Res Judicata.**

### 1.  Legal Standards

The doctrine of res judicata bars the litigation of claims that either have been

litigated or should have been raised in an earlier suit.  *Crotts v. Freedom Mortg.*

*Corp.*, No. 4:23-CV-04828, 2024 WL 3938926, at *5 (S.D. Tex. Aug. 6, 2024),

report and recommendation adopted, No. 4:23-CV-04828, 2024 WL 3939585 (S.D.

Tex. Aug. 26, 2024) (citing *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559,

571 (5th Cir. 2005)).   Because Plaintiff is asserting state law claims, Texas

preclusion principals apply, but the elements of res judicata under Texas law are

substantively identical to federal law.  *Id.*  The doctrine of res judicata bars claims

when:  (1) the parties are identical or in privity; (2) the judgment in the prior action

was rendered by a court of competent jurisdiction; (3) the prior judgment was a final

judgment on the merits; and (4) the second action is based on claims that were or

could have been raised in the first action.  *Id.*; *Test Masters Educ. Servs., Inc. v.*

*Singh*, 428 F.3d 559, 571 (5th Cir. 2005).

### 2. Application of Res Judicata Factors

The November 29, 2018 final judgment in favor of Deutsche Bank in Civil Action No. 4:11-cv-01658 precludes this case.

### (1) Privity

Joanna Burke was a defendant in Civil Action No. 4:11-cv-01658. PHH is the successor in interest to Deutsche Bank, the plaintiff in 4:11-cv-01658. The Fifth Circuit has held that privity exists for purposes of res judicata where a non-party in a prior action is the successor in interest to a party's interest in property. *Meza v. Gen. Battery Corp.*, 908 F.2d 1262, 1266 (5th Cir. 1990); *see also Sampson v. U.S. Bank NA as Tr. for Truman 2016 SC6 Title Tr., No. 420CV00493ALMCAN*, 2021 WL 1321343, at *6 (E.D. Tex. Mar. 15, 2021), report and recommendation adopted, No. 4:20-CV-493, 2021 WL 1316969 (E.D. Tex. Apr. 8, 2021). The first requirement for res judicata is met because privity exists between all parties in the prior and current lawsuit.

### (2) Competent Jurisdiction

The United States District Court for the Southern District of Texas was a court of competent jurisdiction for Civil Action No. 4:11-cv-01658. The district court exercised diversity jurisdiction in Civil Action No. 4:11-cv-01658 because the Plaintiff corporation was a citizen of California and defendants, including Joanna Burke, were citizens of Texas. Civil Action No. 4:11-cv-01658 (ECF 1). The Fifth

Circuit exercised jurisdiction in defendants' appeals, confirming that the district court in the Southern District of Texas was a court of competent jurisdiction. Therefore, the second requirement for application of res judicata is met.

### (3) Final Judgment on the Merits

The Fifth Circuit ruled on the merits of Plaintiff's claim in Civil Action No. 4:11-cv-01658, holding that Plaintiff Deutsche Bank was entitled to an order authorizing foreclosure on the Property. ECF 144. Following the express direction of the Fifth Circuit, the district court entered a final Order in Civil Action No. 4:11-cv-01658 on November 29, 2018. ECF 145. The case finally and completely concluded on May 28, 2019 when the United States Supreme Court denied a writ of certiorari. ECF 146. Thus, the third requirement for application of res judicata is met.

### (4) Identity of Claims

The Fifth Circuit applies a transaction test to determine the identity of claims for purposes of res judicata. *Sacks v. Texas S. Univ.*, 83 F.4th 340, 344 (5th Cir. 2023). The critical issue in the analysis is "whether the two actions are based on the 'same nucleus of operative facts.'" *Id.* (citation omitted). The prior case and this case are both based on Plaintiff's default on the 2007 loan and efforts to foreclosure on the Property. Although Plaintiff's Third Amended Complaint includes a laundry list of allegations, all of her claims and the relief she seeks stem from the foreclosure

efforts on the 2007 loan and were or could have been raised in Civil Action 4:11-cv-01658.

Res judicata bars all claims in this case relating to foreclosure, including claims for declaratory and injunctive relief, because all claims are based on the same premise—that PHH has no legal right to foreclose on the Property.

### C. No Genuine Issue of Material Fact Exists for Trial on any Claim.

Res judicata does not extinguish claims based on wrongs that occurred after the prior final judgment. *Id.* at 345. To the extent some of Plaintiff's claims purport to seek relief for actions that occurred after November 2018, they are without merit and are addressed succinctly below.

#### 1. Violation of the Texas Constitution

Plaintiff alleges that PHH's actions constitute elder abuse and denial of equal protection and due process in violation of Article I, §§ 3a, 9, and 19 of the Texas Constitution. *See* ECF 1-4 at 475-81. Burke's claim for violation of the Texas Constitution is barred by res judicata to the extent it alleges harm due to attempts to foreclosure on the Property. Moreover, in addition to the total lack of evidentiary support for such claims, Plaintiff's claims cannot survive summary judgment because the Texas Constitution does not create a private right of action against private entities for damages. *Daniels v. City of Arlington, Tex.*, 246 F.3d 500, 507 (5th Cir. 2001); *see also City of Beaumont v. Bouillion*, 896 S.W.2d 143, 147 (Tex.

1995); *Chapman v. ADT LLC*, No. 3:22-CV-2188-D-BN, 2023 WL 9953451, at *4 (N.D. Tex. Dec. 28, 2023), report and recommendation adopted, No. 3:22-CV-2188-D, 2024 WL 920074 (N.D. Tex. Mar. 4, 2024).

### 2. Malicious Abuse of Process

Abuse of process "applies to a situation where a properly issued service of process is later used for a purpose for which it was not intended." *Martinez v. Eng.*, 267 S.W.3d 521, 528–29 (Tex. App.—Austin 2008, pet. denied).  The elements of an abuse of process claim under Texas law are: "(1) an illegal, improper, or perverted use of the process, neither warranted nor authorized by the process, (2) an ulterior motive or purpose in exercising such use, and (3) damages as a result of the illegal act." *Preston Gate, LP v. Bukaty*, 248 S.W.3d 892, 897 (Tex. App.—Dallas 2008, no pet.).  "The critical aspect of this tort is the improper use of the process after it has been issued." *Id.*  "Process" refers "to the range of procedures incident to litigation." *LaCore Enterprises, LLC v. Angles*, No. 05-21-00798-CV, 2023 WL 2607562, at *10 (Tex. App. Mar. 23, 2023).  Ms. Burke has presented no evidence to support an abuse of process claim against PHH for attempting to enforce its valid judgment of foreclosure.

### 3. Conspiracy

Plaintiff alleges that PHH and the former Defendants engaged in a conspiracy to damage Plaintiff.  "An actionable civil conspiracy is a combination by two or

more persons to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means." *Massey v. Armco Steel Co.*, 652 S.W.2d 932, 934 (Tex. 1983); *Midwestern Cattle Mktg., L.L.C. v. Legend Bank, N. A.*, 800 F. App'x 239, 248 (5th Cir. 2020) (listing the elements as: "(1) two or more persons; (2) an object to be accomplished; (3) a meeting of minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages as the proximate result.").

Again, to the extent she alleges a claim of conspiracy to foreclose on the Property, it is barred by res judicata. Further, because PHH holds a valid judgment, attempts to sell the Property at a foreclosure are not in furtherance of an unlawful purpose. Therefore, Defendant is entitled to summary judgment on Plaintiff's conspiracy claim.

### 4. Fraud

The elements of fraud under Texas law are:

(1) that a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury.

*Italian Cowboy Partners, Ltd. v. Prudential Ins. Co. of Am.*, 341 S.W.3d 323, 337 (Tex. 2011). The Court cannot discern from Plaintiff's Third Amended Petition or Response what false material representation PHH (or its predecessor) is alleged to have made and on which Plaintiff justifiably relied to her detriment. To the extent

Ms. Burke is alleging fraud related to foreclosure, the claim is barred by res judicata. Ms. Burke has presented no evidence of fraud by PHH and summary judgment should be granted on this claim.

### 5. Intentional Infliction of Emotional Distress and Mental Anguish

The tort of intentional infliction of emotional distress (IIED) has four elements: (1) the defendant acted intentionally or recklessly; (2) its conduct was extreme and outrageous; (3) its actions caused the plaintiff emotional distress; and (4) the emotional distress was severe. *Hersh v. Tatum*, 526 S.W.3d 462, 468 (Tex. 2017). The Texas Supreme Court has defined "extreme and outrageous conduct" as conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.*; *Tiller v. McLure*, 121 S.W.3d 709, 713 (Tex. 2003). Mental anguish is a type of damages recoverable for certain torts, such as IIED, but does not constitute an independent claim. *SCI Texas Funeral Servs., Inc. v. Nelson*, 540 S.W.3d 539, 546 (Tex. 2018) (holding that "mental anguish damages may be available when they are 'caused by defendant's breach of some other legal duty.'" (citation omitted)).

Ms. Burke has presented no evidence to support an IIED claim against PHH. "Texas courts have made clear that conduct associated with exercising a legal right is privileged and cannot be the basis for an IIED claim." *Hines v. Wells Fargo Bank,*

*N.A.*, No. CIV.A. H-13-00167, 2013 WL 5786473, at *7 (S.D. Tex. Oct. 28, 2013) (citations to Texas cases omitted).  PHH is entitled to summary judgment on Plaintiff's IIED claim.

### 6.  Texas Debt Collection Act

Plaintiff also alleges a cause of action under TEX. FIN. CODE § 392.403 (a)(2) of the Texas Debt Collection Act, (TDCA).  Plaintiff alleges that PHH violated the TDCA by attempting to foreclose on the Property without the legal right to do so. ECF 1-4 at 488-89.

The TDCA prohibits mortgage services from threatening foreclosure only to the extent the threatened foreclosure is prohibited by law.  *See Rucker v. Bank of Am., N.A.*, 806 F.3d 828, 831 (5th Cir. 2015) (explaining that a mortgage servicer does not violate the TDCA if it has the right to foreclose and the mortgagee is in default).  Because it is well-established that Burke defaulted on her mortgage and that the November 29, 2018 foreclosure Order gives PHH the legal right to foreclose, PHH is entitled to summary judgment on this claim.

### 7.  Quiet Title

"The elements of a quiet title claim include: "'(1) an interest in a specific property, (2) title to the property is affected by a claim by the defendant, and (3) the claim, although facially valid, is invalid or unenforceable.'"  *Vallier v. Nationstar Mortg., LLC*, No. CV H-17-0998, 2018 WL 1319166, at *6 (S.D. Tex. Feb. 1, 2018),

report and recommendation adopted, No. 4:17-CV-0998, 2018 WL 1322247 (S.D. Tex. Mar. 13, 2018) (citation omitted).  "In a trespass-to-try-title action, a plaintiff may prove legal title by establishing: (1) a regular chain of title of conveyances from the sovereign to the plaintiff; (2) a superior title to that of the defendant out of a common source; (3) title by limitations (i.e., adverse possession); or (4) possession that has not been abandoned." *Brumley v. McDuff*, 616 S.W.3d 826, 832 (Tex. 2021).  Special pleading requirements govern trespass-to-try title actions and in order to prevail on a claim to quiet title or for trespass-to-try-title, Plaintiff bears the burden to prove she has title to the Property that is superior PHH's title. *Id.*; *Vallier*, 2018 WL 1319166, at *6.  Plaintiff's title to the Property has always been subject to the deed of trust secured by the Property.  Plaintiff has wholly failed to meet her burden to present evidence showing she holds superior title to PHH.

In Plaintiff's Summary Judgment Response, she argues that her claim is in the nature of trespass-to-try-title by adverse possession.  ECF 35 at 17.  Texas law requires a party claiming title to property by adverse possession to show "(1) actual and (2) visible possession that is (3) under a claim of right, (4) hostile to another's claim to the property, and (5) peaceable for the applicable limitations period." *Luminant Mining Co., L.L.C. v. PakeyBey*, 14 F.4th 375, 380 (5th Cir. 2021) (citing *Nat. Gas Pipeline Co. of Am. v. Pool*, 124 S.W.3d 188, 193 (Tex. 2003)).  "Peaceable possession is 'possession of real property that is continuous and is not interrupted by

an adverse suit to recover the property.'" *Id.* (citing TEX. CIV. PRAC. & REM. CODE § 16.021(3)).

There is no question that Plaintiff is in possession of the Property under a claim of right that is hostile to PHH's claim of right and has been in such possession for over ten years.  What Plaintiff cannot show is that her possession has been "peaceable."  PHH, through its predecessor, brought an adverse suit to recover the Property and, within the statutory period to thwart any claim for adverse possession, PHH's predecessor prevailed.  PHH is entitled to summary judgment on Plaintiff's claim for quiet title and/or trespass-to-try-title.

### 8.  Declaratory and Injunctive Relief

Claims for declaratory and injunctive relief are not freestanding claims and they must be supported by an underlying cause of action.  *Reyes v. N. Texas Tollway Auth., (NTTA)*, 861 F.3d 558, 565 (5th Cir. 2017) (citing *Harris County Texas v. MERSCORP, Inc.*, 791 F.3d 545, 552 (5th Cir. 2015) ("[T]he Declaratory Judgment Act alone does not create a federal cause of action.") and *Crook v. Galaviz*, 616 F. A'ppx. 747, 753 (5th Cir. 2015) ("As an injunction is a remedy that must be supported by an underlying cause of action")).  The failure of Plaintiff's independent claims dooms her claims for declaratory and injunctive relief.

## IV.   Conclusion and Recommendation

In sum, no dispute of material fact exists as to any claim in this case.  Ms. Burke's "evidence" consists of immaterial assertions and "[c]onclus[ory] allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation," which does not present a genuine issue for trial.  *U.S. ex rel. Farmer v. City of Houston*, 523 F.3d 333, 337 (5th Cir. 2008).  It is undisputed that Joanna Burke has not made a mortgage loan payment since 2010.  Six years ago, the Fifth Circuit held that "[g]iven nearly a decade of free living by the Burkes, there is no injustice in allowing that foreclosure to proceed."  *Deutsche Bank Nat'l Tr. Co. v. Burke*, 902 F.3d 548, 552 (5th Cir. 2018).  Ms. Burke has presented no evidence demonstrating the situation described by the Fifth Circuit has changed.

For all the reasons set forth above, the Court RECOMMENDS that PHH's Motion for Summary Judgment (ECF 27) be GRANTED and all of Plaintiff's claims be DISMISSED WITH PREJUDICE.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C).  Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on

other grounds.

Signed on January 23, 2025, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge