Case 4:24-cv-00897   Document 59   Filed on 01/23/25 in TXSD   Page 1 of 11

United States District Court
Southern District of Texas
**ENTERED**
January 23, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOANNA BURKE,<br>　*Plaintiff,*<br><br>v.<br><br>PHH MORTGAGE CORPORATION,<br>　*Defendant.* | §<br>§<br>§<br>§<br>§　Civil Action No. 4:24-CV-0897<br>§<br>§<br>§<br>§ |

## **MEMORANDUM AND RECOMMENDATION**

Plaintiff, a veteran litigant proceeding pro se, initiated this case in state court on December 21, 2023, as part of her approximately 14-year effort to thwart foreclosure on residential property located in Kingwood, Texas (Property).[1] ECF 1-4; *See also* ECF 18, ECF 33-3 at 36-37. Before the Court is PHH Mortgage Corporation's Second Motion to Declare Plaintiff Joanna Burke as a Vexatious Litigant. ECF 28. The Court recommends PHH's Motion be GRANTED.

### I.　**Procedural Background**

The procedural background of this case is extensive and has been set forth by multiple judges in multiple cases, most recently by this Court in its Memorandum and Recommendation recommending that PHH's Motion for Summary Judgment be

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 26.

granted. ECF 58. A timeline provides the most efficient means for summarizing the background information relevant to the current motion.

| | |
|---|---|
| May 21, 2007: | Plaintiff and her now deceased husband, John Burke, executed a $615,000.00 home equity note secured by deed of trust on residential property located in Kingwood, Texas (Property). |
| June 15, 2009: | Plaintiff sued the Secretary of the Treasury, Timothy Geithner, in state small claims court for matters related to her mortgage. Defendant removed the case, *Burke v. Geithner*, Civil Action No. 4:09-cv-2572, to federal court and it was dismissed by joint stipulation on February 16, 2010. |
| 2010: | The Burkes stopped making payments on the loan, paying taxes, and paying insurance. |
| Dec. 6, 2010: | The Burkes filed an Original Petition in state court to stop foreclosure. Defendants removed the case to federal court where it was styled *Burke v. IndyMac Mort. Servs.*, Civil Action No. 4:11-cv-00341. |
| March 4, 2011: | Civil Action 4:11-cv-00341 was voluntarily dismissed without prejudice. |
| April 29, 2011: | Deutsche Bank National Trust Co., in its capacity as assignee of the note and deed of trust, filed *Deutsche Bank Nat'l Tr. Co. v.* |

|   |   |
|---|---|
|   | *Burke*, Civil Action No. 4:11-CV-01658, seeking an order authorizing foreclosure. |
| Nov. 13, 2018: | The Burkes filed a state court lawsuit against the lawyers involved in Civil Action No. 4:11-CV-01658, which was removed to this Court where it was styled *Burke v. Hopkins*, Civil Action No. 4:18-CV-04543. |
| Nov. 15, 2018: | The Burkes filed a state court lawsuit against Ocwen Loan Servicing, LLC, which was removed to this Court where it was styled *Burke v. Ocwen Loan Servicing, LLC*, Civil Action No. 4:18-CV-04544. |
| Nov. 29, 2018: | After lengthy litigation, including two appeals to the Fifth Circuit, a final Order authorizing foreclosure was entered in Civil Action No. 4:11-CV-01658. |
| March 19, 2019: | A final dismissal order was entered in Civil Action No. 4:18-CV-04544. |
| March 18, 2020: | A final judgment was entered dismissing Civil Action No. 4:18-CV-04543. |
| March 30, 2021: | The Fifth Circuit denied Plaintiff's consolidated appeal of the dismissals of Civil Action No. 4:18-CV-04543 and 4:18-CV-04544. |

| | |
|---|---|
| Aug. 9, 2021: | The Burkes filed a Complaint in federal court against Ocwen Loan Servicing LLC and its lawyers, styled *Burke v. Ocwen Loan Servicing LLC et al.*, Civil Action No. 4:21-CV-02591. |
| Aug. 29, 2022: | The district court dismissed Civil Action No. 4:21-CV-02591, warning the Burkes that "any additional litigation against Defendants related to the Property or foreclosure proceedings will be clear and compelling evidence of bad faith, such that the imposition of sanctions and pre-filing injunctions would be just." ECF 50 at 8. |
| Oct. 30, 2023: | The United States District Court in Minnesota dismissed for improper venue a case the Burkes brought in that court in 2023 against PHH, the lawyers representing PHH in the Southern District of Texas, and the Clerk of the Fifth Circuit. *Burke v. PHH Mortg. Co.*, Civil Action No. 0:23-cv-1119, 2023 WL 7126709 (D. Minn. Oct. 30, 2023). The Eighth Circuit summarily affirmed the dismissal. *Burke v. PHH Mortg. Co.*, No. 23-3593, 2024 WL 2704150 (8th Cir. Feb. 5, 2024). |
| Dec. 5, 2023: | Joanna Burke filed a motion to intervene in an unrelated lawsuit in Texas state court that is now pending in this district as *Samuels* |

|  |  |
|---|---|
|  | *v. PHH Mortgage Corporation*, Civil Action No. 4:23-CV-04687. |
| Dec. 21, 2023: | Joanna Burke filed the instant action in Texas state court, which was removed to this Court where it is styled *Burke v. PHH Mortgage Corp.*, Civil Action No. 4:24-CV-00897. |
| Dec. 28, 2023: | Joanna Burke filed a Chapter 13 Petition in Bankruptcy, Case No. 23-35083. |
| Jan. 17, 2024: | Bankruptcy Case No. 23-35083 was dismissed for failure to make necessary filings. |
| March 1, 2024: | Joanna Burke filed a Chapter 13 Petition in Bankruptcy, Case No. 24-30885. |
| March 29, 2024: | Joanna Burke filed an adversary proceeding, *Burke v. Deutsche Bank Nat'l Trust Co. et al.*, Adversary No. 24-03056, in her already dismissed Bankruptcy Case No. 23-35083. The adversary proceeding was dismissed on June 4, 2024. |
| April 1, 2024: | Bankruptcy Case No. 24-30885 was dismissed for failure to make necessary filings. |
| Jan. 23, 2024: | Magistrate Judge Christina Bryan recommended PHH's Motion for Summary Judgment be granted and Civil Action No. 4:24-CV-00897 be dismissed with prejudice based on res judicata and |

5

Plaintiff's failure to meet her burden to show any disputed issue of material fact.

In addition to the above proceedings, Joanna Burke attempted unsuccessfully to intervene in unrelated litigation in other jurisdictions, including *Consumer Financial Protection Bureau v. Ocwen Financial Corp., et al.*, Case No. 9:17-cv-80495, in the United States District Court for the Southern District of Florida; *Jose L. Parra v. Ocwen Loan Servicing, LLC*, Case No. 1:18-cv-5936, in the United States District Court for the Northern District of Illinois; and *In Re Syngenta AG MIR162 Corn Litigation, Kenneth P. Kellogg, et al. v. Watts Guerra, LLP, et al.*, Case Nos. 2:18-cv-2408 and 2:14-md-2591, in federal court in Kansas.

## II.   Legal Standards

"A district court has jurisdiction to impose a pre-filing injunction to deter vexatious, abusive, and harassing litigation." *Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 187 (5th Cir. 2008) (citations omitted).  This authority includes the authority to enjoin pro se litigants, from making vexatious filings with the court. *Ford v. Am. Homes 4 Rent*, No. 4:22-CV-2162, 2023 WL 3215368, at *2 (S.D. Tex. Apr. 24, 2023).  The court's authority is derived from the All Writs Act, 28 U.S.C. § 1651, or its inherent power. *Matter of Carroll*, 850 F.3d 811, 815 (5th Cir. 2017). The district court's decision to enter a pre-filing injunction is reviewed for abuse of discretion. *Baum*, 513 F.3d at 187.  In deciding whether a pre-filing injunction is

warranted, the Court must weigh the following factors: (1) the party's history of litigation, in particular whether she has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions. *Crear v. JPMorgan Chase Bank, N.A.*, 491 F. Supp. 3d 207, 219 (N.D. Tex. 2020) (citing *Baum*, 513 F.3d at 189).

### III. Analysis

Based on the procedural history set forth above, Burke's numerous judicial and state bar complaints about lawyers and judges involved in her lawsuits, and harassing social media posts, PHH asks the Court to declare Burke a vexatious litigant and to impose on her a pre-filing injunction. ECF 28. The Court finds that the four factors set out in *Baum*, 513 F.3d at 189, support imposition of a pre-filing injunction against Ms. Burke.

**A. Ms. Burke has a history of filing vexatious, harassing, and duplicative lawsuits.**

Ms. Burke's extensive litigation history regarding the Property is summarized in the timeline set out above. Courts have consistently found her filings to be without merit and dismissed her cases. In 2022, District Judge Alfred Bennett considered a motion to declare Burke a vexatious litigant in Civil Action No. 21-CV-2591 (ECF 50). At that time, Burke's litigation history included "four cases filed in or removed

to the Southern District of Texas, three appeals to the Fifth Circuit, four motions to intervene in three unrelated lawsuits in three separate United States District Courts, two appeals to the Eleventh Circuit based on the denial of said motions, . . . and a writ to the Supreme Court." *Id.* ECF 50 at 6. Judge Bennett found Burke's conduct, particularly her conduct after the Fifth Circuit's 2018 decision awarding foreclosure, to be of concern and noted there were "many indications of harassment in the record," but gave Burke "the benefit of the doubt" regarding good faith. *Id.* at 7. Nonetheless, Judge Bennett issued an "emphatic" warning and notice "that any additional litigation against Defendants related to the Property or foreclosure proceedings will be clear and compelling evidence of bad faith such that the imposition of sanctions and pre-filing injunctions would be just." *Id.* The Court finds that Ms. Burke has an extensive history of bringing meritless litigation that has continued despite an "emphatic warning" from a district judge in this district. At this time, the Court recommends that a pre-filing injunction be imposed.

### B. Ms. Burke has no good faith basis for repeatedly pursuing litigation regarding the Property.

Judge Bennett's "emphatic warning" in the August 29, 2022 Order did not deter Ms. Burke from pursing litigation. Since then, she has filed a lawsuit suit in Minnesota, multiple motions to intervene, an adversary proceeding in bankruptcy court, and this action. Although PHH was not a named defendant in Civil Action No. 21-CV-2591 before Judge Bennett, that litigation is part and parcel of the

litigation by Burke designed to prevent foreclosure on the Property. Even giving her the benefit of the doubt as a pro se litigant, the filing of additional litigation after Judge Bennett's warning evidences bad faith and an intent to harass. *See Matter of Carroll*, 850 F.3d at 816 (holding that "repeated attempts to litigate issues that have been conclusively resolved" supports finding of bad faith).

### C. Ms. Burke's vexatious litigation has placed a burden on the courts and other litigants.

The burden Burke's pattern of harassing litigation has placed on the Court is demonstrated by the number of written rulings necessitated in this case alone, including 6 written rulings issued on this one day. The litigation timeline shows the extent of the burden, not only on this Court, but on courts across the country that have no connection to the Property. Furthermore, PHH, the current Defendant, has been burdened by Plaintiff's continued litigation, as have various lawyers and government officials in the court system that have come into contact with the Burke litigation. The excessive burden created by Ms. Burke's continued vexatious litigation supports the imposition of a pre-filing injunction.

### D. No alternative sanctions are likely to be adequate to deter Ms. Burke from filing frivolous litigation.

Finally, the Court finds that Burke's history of repetitive, frivolous filings, her blatant disregard of court rulings, and her failure to heed an express warning that a prefiling injunction would be imposed if further suits about the Property were filed,

9

all demonstrate that alternative sanctions are not sufficient to deter her behavior. Thus, a pre-filing injunction is appropriate. *See Ford v. Am. Homes 4 Rent*, No. 4:22-CV-2162, 2023 WL 3215368, at *2 (S.D. Tex. Apr. 24, 2023) (recommending pre-filing injunction against plaintiff who "has filed in this Court multiple times, appealed to the 5th Circuit, and filed at 'least five additional lawsuits in Texas state court against the same defendants, based on the same facts'"), Memorandum and Recommendation adopted, Civil Action No. 22-CV-2162 (slip op. June 30, 2023); *see also Montes v. Tibbs*, No. CV H-23-1352, 2024 WL 1119419, at *1 (S.D. Tex. Mar. 14, 2024) (entering a preclusion order because "[t]he relaxed standard for interpreting the pleadings of pro se litigants does not allow for repeated meritless litigation."). Dismissal of this case is not an appropriate or sufficient alternative sanction because the Court has already recommended this case be dismissed on the merits. Furthermore, Ms. Burke has already been warned that imposition of a pre-filing injunction was likely if she continued to file litigation related to the Property. There is no reason to delay imposition of a pre-filing injunction because issuing another warning is not likely to alleviate the burden that will be imposed by additional litigation about the Property.

## IV. Conclusion and Recommendation

For the reasons stated above, the Court RECOMMENDS that Defendant's Motion (ECF 28) be GRANTED and Plaintiff Joanna Burke be declared a vexatious

litigant and that she be enjoined from filing any further pleadings in the Southern District of Texas without first seeking, in writing, permission from the Miscellaneous District Judge on duty for the month in which the filing would be made.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C). Failure to file written objections within the period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on January 23, 2025, at Houston, Texas.

                                                  Christina A. Bryan
                                      United States Magistrate Judge