United States District Court
Southern District of Texas
**ENTERED**
March 14, 2025
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| JOANNA BURKE, | § | CIVIL ACTION NO |
| Plaintiff, | § | 4:24-cv-00897 |
| | § | |
| | § | |
| vs. | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| PHH MORTGAGE | § | |
| CORPORATION, *et al,* | § | |
| Defendants. | § | |

**ORDER ADOPTING**
**MEMORANDA AND RECOMMENDATIONS AND ORDERS**

Plaintiff Joanna Burke initiated this lawsuit in state court against several defendants as a *pro se* litigant. All defendants other than PHH Mortgage Corporation were dismissed after removal to this Court. Dkt 23. The matter was then referred for pretrial management to Magistrate Judge Christina A. Bryan. Dkt 26.

Defendant PHH Mortgage Corporation filed motions for summary judgment and to declare Plaintiff a vexatious litigant. Dkts 27 & 28. Plaintiff filed her own motion to dismiss. Dkt 33.

Pending are several Orders and Memoranda and Recommendations from Judge Bryan dated January 23, 2025. In sum, these rulings:

- o Deny a motion by Plaintiff (Dkt 51) for leave to supplement her response to Defendant's summary judgment motion;
- o Deny as moot her motion (Dkt 45) for leave to file a surreply to Defendant's summary judgment motion;

- - Deny her motion (Dkt 53) for leave to file a surreply to Defendant's motion to declare Plaintiff a vexatious litigant;
  - Recommend denying Plaintiff's motion (Dkt 33) to dismiss;
  - Recommend granting Defendant's motion (Dkt 27) for summary judgment; and
  - Recommend granting Defendant's motion (Dkt 28) to declare Plaintiff a vexatious litigant.

Dkts 54–59.

Also pending are objections by Plaintiff to each of the above. Dkts 64–69.

And pending is an Order of the Magistrate Judge on February 20, 2025, denying Plaintiff's motions to stay or to certify questions to the Fifth Circuit for review. Dkt 70 (order); see Dkts 61 & 62 (motions). Also pending is an objection and request for reconsideration by Plaintiff. Dkt 72. Although unclear, it may also request reconsideration of certain of the Orders noted above. See id at 5.

*As to the Orders,* a district court will set aside a non-dispositive order of a magistrate judge to which a party has specifically objected only if it is clearly erroneous or contrary to law. See FRCP 72(a) & 28 USC § 636(b)(1)(A); *see also Castillo v. Frank*, 70 F3d 382, 385 (5th Cir 1995).

The objections by Plaintiff to the Orders of Judge Bryan from January 2025 are substantially identical despite addressing different rulings. The objections lack merit. The Orders clearly detail the pertinent facts and correctly apply controlling law.

As such, the objections will be overruled. Dkts 67, 68 & 69. And the Orders of the Magistrate Judge will be adopted as the Orders of this Court. Dkts 54, 55 & 56.

The objection and request for reconsideration of the Order from February 2025 has been reviewed *de novo*. It contains no specifics, and indeed, no arguments. As such

2

the objection will be overruled and the request for reconsideration denied, inclusive of any underlying motion referenced by citation. Dkt 72. And the subject Order will be adopted as the Order of this Court. Dkt 70.

*As to the Memoranda and Recommendations,* a district court reviews *de novo* those conclusions of a magistrate judge to which a party has specifically objected. See FRCP 72(b)(3) & 28 USC § 636(b)(1)(C); see also *United States v Wilson*, 864 F2d 1219, 1221 (5th Cir 1989, *per curiam*). The district court may accept any other portions to which there's no objection if satisfied that no clear error appears on the face of the record. See *Guillory v PPG Industries Inc*, 434 F3d 303, 308 (5th Cir 2005), citing *Douglass v United Services Automobile Association*, 79 F3d 1415, 1430 (5th Cir 1996, *en banc)*; see also FRCP 72(b) advisory committee note (1983).

Plaintiff has filed substantially identical objections to the three separate Memoranda and Recommendations by Judge Bryan. Dkts 64, 65 & 66. Rule 72(b)(2) of the Federal Rules of Civil Procedure requires parties to file "specific written objections to the proposed findings and recommendations." By this standard, it is legally insufficient to present the district court with a broad assortment of issues accompanied by little more than a directive to resolve them. But that, in the main, is all that's been done here.

Certain standards from the Fifth Circuit are clear in this regard. For instance, the findings and conclusions of the magistrate judge needn't be reiterated on review. See *Keotting v Thompson*, 995 F2d 37, 40 (5th Cir 1993). Likewise, objections that are frivolous, conclusory, or general in nature needn't be considered. See *Battle v United States Parole Commission*, 834 F2d 419, 421 (5th Cir 1987); *United States v Ervin*, 2015 WL 13375626, at *2 (WD Tex), quoting *Arbor Hill Concerned Citizens Neighborhood Association v County of Albany*, 281 FSupp2d 436, 439 (NDNY 2003). And *de novo* review isn't invoked by simply re-urging arguments contained in the underlying motion. *Edmond v Collins*, 8 F3d 290, 293 n7

(5th Cir 1993); see also *Smith v Collins,* 964 F2d 483, 485 (5th Cir 1992) (finding no error in failure to consider objections because plaintiff "merely reurged the legal arguments he raised in his original petition"); *Williams v Woodhull Medical & Mental Health Center,* 891 F Supp 2d 301, 310–11 (EDNY 2012) (*de novo* review not warranted for conclusory or general objections or which merely reiterate original arguments).

Simply put, where the objecting party makes only conclusory or general objections, or simply reiterates original arguments, review of the memorandum and recommendation may permissibly be for clear error only. That's the situation here. Reasonable depth and explanation were needed to properly present any one of these issues if *de novo* review was intended.

No clear error appears upon review and consideration of the Memorandum and Recommendations, the record, and the applicable law.

Even though that's all of the review required, the Court has nevertheless also examined the objections *de novo* and finds that they lack merit for the reasons stated by the Magistrate Judge.

The objections by Plaintiff will be overruled. Dkts 64, 65 & 66. And the Memoranda and Recommendations of the Magistrate Judge will be adopted as the Memoranda and Orders of this Court. Dkts 57, 58 & 59.

\* \* \*

The objections by Plaintiff Joanna Burke to the Orders of the Magistrate Judge of January 23, 2025, are OVERRULED. Dkts 67, 68 & 69. The Orders of the Magistrate Judge are ADOPTED as the Orders of this Court. Dkts 54, 55 & 56. As such, the related motions by Plaintiff are DENIED. Dkts 45, 51 & 53.

The objection by Plaintiff Joanna Burke to the further Order of the Magistrate Judge of February 20, 2025, is OVERRULED, and the included motion for reconsideration is further DENIED upon *de novo* review. Dkt 72. The Order of the Magistrate Judge is ADOPTED as the Order of this

4

Court. Dkt 70. As such, the related motions by Plaintiff are DENIED. Dkts 61 & 62.

The objections by Plaintiff to the Memoranda and Recommendations of the Magistrate Judge are OVERRULED. Dkts 64, 65 & 66. The Memoranda and Recommendations of the Magistrate Judge are ADOPTED as the Memoranda and Orders of this Court. Dkts 57, 58 & 59. As such, the related motions by Defendant PHH Mortgage Corporation are GRANTED Dkts 27 & 28. And the related motion by Plaintiff is DENIED. Dkt 33.

Any other pending motion, if any, is DENIED AS MOOT.

This action is DISMISSED WITH PREJUDICE.

Plaintiff is hereby declared to be a VEXATIOUS LITIGANT.

A FINAL JUDGMENT and a PRE-FILING INJUNCTION ORDER will both enter separately.

SO ORDERED.

Signed on March 14, 2025, at Houston, Texas.

_____
Hon. Charles Eskridge
United States District Judge